THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT ELLIS, Defendant-Appellee.

First District (6th Division)   No. 1—96—3085

Opinion filed March 31, 1998.—Rehearing denied July 2, 1998.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James Beligratis, Assistant State's Attorneys, of counsel), for the People.

Robert Ellis, of Country Club Hills, appellee *pro se.*

JUSTICE GREIMAN delivered the opinion of the court:

Defendant, Robert Ellis, was charged with false personation of a peace officer pursuant to section 32—5.1 of the Criminal Code of 1961. 720 ILCS 5/32—5.1 (West 1994). The State appeals from an order of the trial court granting defendant's motion to dismiss the charge. The State contends that the trial court erred in finding that defendant could not be found guilty of violating the statute in question where he represented himself to be a police officer of a fictitious, rather than an actual, jurisdiction.

For the reasons that follow, we hold that the trial court erred in dismissing the charge. We reverse and remand.

At a hearing on defendant's motion to suppress evidence, Officer Lamar Knazze, a police officer with Central Management Services, testified that on March 28, 1994, he was assigned to the James Thompson Center in Chicago. Defendant was on the ninth floor of the building for a hearing before the Department of Professional Regulations. Knazze went to the ninth floor after receiving information that defendant was possibly carrying a weapon. Knazze saw defendant, asked him to step out of the room into the hallway, and performed a protective search of defendant's person. No weapon was found. Knazze asked defendant if he was a police officer and defendant responded, "[Y]es, I am." Defendant produced some credentials from his wallet and a badge from his belt. One badge stated "Commissioner, BETA University Police." Suspicious of the credentials, Knazze asked defendant to accompany him back to his office. Defendant agreed. Upon investigation, Knazze learned that defendant was not a police officer and not licensed through the local law enforcement board. Knazze testified that he examined defendant's credentials, found them to be fraudulent and placed defendant under arrest.

Defendant also testified at the hearing. He stated he was present at the hearing room at the Thompson Center for a hearing as to the status of the Beta Christian University Territorial Police. He claimed that Beta Christian University Territorial Security Police is a "proprietary security force" licensed by the State of Illinois. He denied telling Knazze that he was a policeman. He claimed that the officer searched him and took his badge and identification from his person. The trial court denied defendant's motion to suppress his statement and the evidence seized.

At a hearing on defendant's motion to dismiss the charge of false personation of a peace officer, defendant argued that the charge did not state an offense. Defendant, appearing *pro se*, stated:

> "I have done exhaustive research from the seventh unabridged law dictionary, gone through all sorts of dictionaries [and] even [looked] back to 1828 Webster's facsimile dictionary. Jurisdiction could in no way be concluded in this sense to mean Beta Christian University."

Defendant concluded:

> "[U]nless Beta Christian University's [*sic*] is a jurisdiction, the state is commencing something that nobody has jurisdiction over. No one has jurisdiction over it including the Court."

The trial court denied defendant's motion to dismiss.

On August 6, 1996, defendant again moved to dismiss on the grounds that the charge did not state an offense. The trial court stated as follows:

> "I have indicated that after looking at the accepted dictionary definition of jurisdiction that it contemplates a governmental entity. And I believe from what I have heard from the State that the defendant asserted that he was a peace officer of Beta University, which is not, according to the State's evidence, a duly constituted university. It is not a governmental body; that the prosecution of the defendant under a charge that says that he falsely represented himself to be a peace officer of a jurisdiction cannot lie."

The trial court then granted the motion to dismiss the charge of false personation of a peace officer. The State now appeals that ruling.

██ ██ In reviewing an order on a motion to dismiss, we apply a *de novo* standard of review. *Benbenek v. Chicago Park District*, 279 Ill. App. 3d 930, 932 (1996). The sole issue presented in this case involves the interpretation of section 32—5.1 of the Criminal Code, which provides that "[a] person who knowingly and falsely represents himself to be a peace officer of any jurisdiction commits a Class 4 felony." 720 ILCS 5/32—5.1 (West 1994).

██ The primary rule of statutory construction is to ascertain and give effect to legislative intent. *People v. Zaremba*, 158 Ill. 2d 36, 40

(1994). The most reliable indication of legislative intent is the language of the statute itself. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). In interpreting a statutory provision, words should be given their plain and ordinary meaning. *People v. Dednam*, 55 Ill. 2d 565, 568 (1973). The dictionary can be used as a resource to ascertain the ordinary and popular meaning of words. *Cojeunaze Nursing Center v. Lumpkin*, 260 Ill. App. 3d 1024, 1029 (1994).

■ Where the words themselves are unambiguous, there is no need to resort to external aids of interpretation in order to glean the legislative purpose. *Zaremba*, 158 Ill. 2d at 40. Defendant points out that, generally, any ambiguities in a criminal statute must be resolved in favor of a defendant. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

■ Defendant maintains that the phrase "any jurisdiction" in section 32—5.1 contemplates only entities under the authority of the government. The State argues that the correct interpretation of the phrase "any jurisdiction" encompasses both real and fictitious jurisdictions. The State has not cited, and we have not found, any case law specifically interpreting the section so as to resolve the case at hand. However, we find that the plain and ordinary meaning of the section unambiguously holds an individual liable for false personation of a peace officer of a real or a fictitious jurisdiction.

The record indicates that the trial court and defendant looked to dictionary definitions in their analysis. However, it appears that they focused on the meaning of the term "jurisdiction" only as to the context of the government's legal power or authority over an individual. In looking to dictionary definitions, we note that the term "jurisdiction," as we see it related to the context of the authority of a peace officer, is defined as "the limits or territory within which any particular power may be exercised: sphere of authority." Webster's Third New International Dictionary 1227 (1986).

Further, we observe that the term "any" is defined as "indifferently out of more than two: one or some indiscriminately of whatever kind." Webster's Third New International Dictionary 97 (1986). We believe the legislature meant section 32—5.1 to apply to an individual who falsely personates a peace officer of any kind of jurisdiction, real or fictitious. There is no requirement that the individual impersonate only officers from legally authorized jurisdictions.

Our holding is further supported by the context of section 32—5.1. Section 32—5 provides:

> "False Personation of Judicial or Government Officials. A person who falsely represents himself to be an attorney authorized to practice law or a public officer or a public employee commits a Class B misdemeanor." 720 ILCS 5/32—5 (West 1994).

This section was used prior to the enactment of section 32—5.1 for charging individuals with false personation of peace officers. See *People v. Rinehart*, 81 Ill. App. 2d 125 (1967) (holding that evidence was insufficient to sustain conviction for false personation of a public officer under section 32—5); *People v. Vysther*, 49 Ill. App. 2d 223 (1964) (holding that information on charging documents alleging false personation of a police officer under section 32—5 was sufficient). We believe that this more specific section directed at individuals who falsely personate peace officers indicates an intent to put the focus of section 32—5.1 on the false personation of a peace officer regardless of the authority impersonated.

On review of the plain language of the statute, as well as its context, we hold that section 32—5.1 includes situations in which a person represents himself to be a peace officer of a fictitious jurisdiction. The statute exists to protect citizens who would be harmed or deceived by those acting under the color of authority, whether or not the claimed police jurisdiction is real. The harm to be prevented would be the same, regardless of whether the impersonator claimed he was a peace officer belonging to a real or fictitious police force. Therefore, we conclude that the trial court erred in finding that defendant could not be found guilty of violating the statute where he was alleged to have represented himself to be a peace officer of a fictitious, rather than an actual, jurisdiction.

Accordingly, the judgment of the trial court is reversed and the case remanded.

Reversed and remanded.

CAMPBELL, P.J., and ZWICK, J., concur.