OPINION OF THE COURT
Colleen D. Duffy, J.
This case presents the issue, one of first impression in New York, of whether one may be properly charged with the crime of menacing in the second degree for shining a laser beam, typically used as a sighting device on firearms, at another person.
The defendant, who is charged with menacing in the second degree under Penal Law § 120.14 (1), moves to dismiss the accusatory instrument as facially insufficient, contending that the allegations set forth, even if true, do not establish that he displayed what appeared to be a firearm as required by the applicable statute.
“A person is guilty of menacing in the second degree when:
“1. He or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious phys *219 ical injury or death by displaying * * * what appears to be a * * * firearm.” (Penal Law § 120.14 [1].)
The information states that the defendant “did point a laser beam at your deponent which struck your deponent’s eyes causing me to fear for my life. The laser beam is [sic] commonly used target sighting device on handguns and firearms to mark the target before firing on it.”
To be sufficient on its face, an information must contain non-hearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].) The phrase “displays * * * what appears to be a * * * firearm” has been interpreted in an analogous context in Penal Law § 160.15 (4) and § 160.10 (2), which define robbery in the first and second degrees. In that context, appellate courts have held that to establish the “display” element, the People must show that the defendant consciously displayed something that reasonably could be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display. (People v Lopez, 73 NY2d 214 [1989]; People v Middleton, 247 AD2d 713 [3d Dept 1998].)
The Court of Appeals has stated that the object displayed need not closely resemble a firearm. Thus, the display of such items as a towel wrapped around a black object (People v Baskerville, 60 NY2d 374 [1983]), a toothbrush held in a pocket (People v Lockwood, 52 NY2d 790 [1980]), or a hand consciously concealed in clothing (People v Knowles, 79 AD2d 116 [2d Dept 1981]; People v Silva, 178 Misc 2d 538 [Crim Ct, Bronx County 1998]) may suffice to establish the element of display if, under all the circumstances, the defendant’s conduct reasonably could lead the victim to believe that a firearm was being used. {See, People v Lopez, supra, at 220.)
With respect to the crime of menacing, an appellate court in Oregon found that the shining of a laser beam by a defendant upon another may be a “display of what appears to be a firearm”. In State v Santacruz-Betancourt (157 Ore App 26, 969 P2d 1040 [1998]), a police officer received a 911 report that a person driving a vehicle meeting a certain description had been shining a red laser beam light onto the foreheads of an elderly couple through the window of their home. Noting that some modern weapons use a laser beam as a sighting mechanism, the court held that “the use of a laser in the manner described in the [911] report could constitute menacing.” *220 (Supra, 157 Ore App, at 32, 969 P2d, at 1043.) The court ruled that the officer thus had reasonable suspicion to stop the defendant’s vehicle to investigate the crime of menacing.
In the case at bar, this court similarly finds that the use of a laser beam as alleged in the accusatory instrument could, if proven, constitute the crime of menacing. The shining of a laser beam onto a person where the source of the beam is not visible reasonably could be perceived by the intended victim as the display of a firearm. The defendant’s motion to dismiss the accusatory instrument as facially insufficient therefore is denied.