Third Division

February 9, 2000

No. 1-99-1810

THE PEOPLE OF THE STATE OF ILLINOIS, )  APPEAL FROM THE

                                 )  CIRCUIT COURT OF

Plaintiff-Appellant,         )  COOK COUNTY.

)    

v. ) 

   ) 

BRIAN SMIT,          )  HONORABLE

)  THOMAS CONDON,

Defendant-Appellee.     )  JUDGE PRESIDING.

JUSTICE WOLFSON delivered the opinion of the court:

Why would anyone aim a laser light at another person?  More importantly, what does someone reasonably believe when a laser light is pointed into his home and onto his body?

In this case, the State charged the defendant with assault.  The trial judge dismissed the charge.  We reverse and remand.

FACTS

On February 5, 1999, the prosecution filed an information charging Brian Smit (Smit) with assault.  The prosecution alleged Smit "KNOWINGLY POINTED A LAZER [sic] LIGHT INTO THE HOUSE, AND ONTO THE PERSON OF ANTHONY N[.] REGNIER, THEREBY PLACING ANTHONY N[.] REGNIER IN REASONABLE APPREHENSION OF RECEIVING A BATTERY."

On April 20, 1999, Smit filed a motion to dismiss his assault charge because "*** such conduct does not amount to an Assault."  Smit contended, "As a matter of law, pointing a lazer [sic] light onto a person does not place an objectively 
resonable
 [sic] person in reasonable apprehension of receiving a battery."  (Emphasis in original.)

On April 26, 1999, the trial court dismissed Smit's assault charge.  The court said:

"One of the elements of assault and battery, you have to have present ability.  Isn't that fair to say?

***

So that a light will never have the ability to cause a battery.  That would be like a legless man trying to kick you in the head.  Isn't it?  At least that is the way I feel.

So, while the conduct is offensive, I don't think it is criminal.  And your Motion to Dismiss is granted."

The prosecution now appeals.

DECISION

The Illinois Code of Criminal Procedure provides a criminal charge must allege the offense committed by
 "[s]etting forth the nature and elements of the offense charged ***."  725 ILCS 5/111-3(a)(3) (West 1998); see 
People v. Alvarado
, 301 Ill. App. 3d 1017, 1023, 704 N.E.2d 937 (1998).  "*** [T]he relevant inquiry is not whether the alleged offense could be described with greater certainty, but whether there is sufficient particularity to enable the accused to prepare a proper defense."  
People v. Meyers
, 158 Ill. 2d 46, 54, 630 N.E.2d 811 (1994).  The trial court determines the sufficiency of a charging instrument as a matter of law, and our review of that determination is 
de
 
novo
.  
People v. Ellis
, 296 Ill. App. 3d 862, 864, 696 N.E.2d 1 (1998); 
People v. Moulton
, 282 Ill. App. 3d 102, 104, 668 N.E.2d 1078 (1996).

The prosecution contends its information sufficiently alleged the elements of an assault.  Smit contends the prosecution's information failed to specify the facts constituting an assault.  We agree with the prosecution.

The Illinois Criminal Code of 1961 provides: "A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery."  720 ILCS 5/12-1(a) (West 1998).  Under this statute, the prosecution's information sufficiently set forth the alleged assault: Smit pointed a laser into the victim's home and onto the victim's body, creating a reasonable apprehension of a battery.  That is, Regnier could reasonably believe he was in someone's gunsight, like a hunter's prey.

Laser-aimed weapons have become increasingly popular.  See 
Oregon v. Cocke
, 161 Ore. App. 179, 984 P.2d 321, 323 (1999) (police officer testified "*** lasers are commonly attached to guns or rifles for accurate shooting"); 
Louisiana v. Mayho
, 601 So. 2d 783, 789 (La. Ct. App. 1992)(police officer testified "*** that he has seen lasers used with firearms and that their use is common.")

The Illinois General Assembly recently recognized this trend.  See "AN ACT in relation to laser devices," Pub. Act 91-

672, eff. January 1, 2000 (adding 720 ILCS 5/2-10.2, 2-10.3, and amending 720 ILCS 5/12-2, 12-4)(shining or flashing a laser gunsight near or on a person constitutes aggravated assault or aggravated battery); "AN ACT in relation to laser pointers," Pub. Act 91-252, eff. January 1, 2000 (adding 720 ILCS 5/24.6-

5)(aiming a laser pointer at a police officer is a misdemeanor).

Neither statute makes the question before us obsolete in future cases.  The act of pointing a laser light that is not attached to a gunsight at someone who is not a police officer is outside the new legislation.  W
e also note lasers pose dangers apart from their use on firearms.  The United States Food and Drug Administration has warned:

"The light energy that laser pointers can aim into the eye can be more damaging than staring directly into the sun.  Federal law requires a warning on the product label about this potential hazard to the eyes."  U.S. Food & Drug Administration Press Release, "FDA Issues Warning On Misuse of Laser Pointers" (December 18, 1997).

While no Illinois court has addressed the issue, a New York trial court has.  In 
New York v. Brown
, 179 Misc. 2d 218, 685 N.Y.S.2d 392 (City Ct. N.Y. 1998), the defendant challenged an information as facially insufficient.  The prosecution alleged the defendant committed the crime of menacing by shining a laser beam into the victim's eyes causing the victim to fear for his life.  New York defines menacing as intentionally placing or attempting to place another person in reasonable fear of physical injury, serious physical injury, or death by displaying what could be a firearm.

The court upheld the information:

"*** the use of a laser beam as alleged in the accusatory instrument could, if proven, constitute the crime of menacing.  The shining of a laser beam onto a person where the source of the beam is not visible reasonably could be perceived by the intended victim as the display of a firearm."  
Brown
, 685 N.Y.S.2d at 393.

See 
Oregon v. Santacruz-Betancourt
, 157 Ore. App. 26, 969 P.2d 1040, 1043 (1998)(shining a laser from the street into a home and onto the homeowners' foreheads could constitute the crime of menacing).

Whether fear of harm is reasonable is a fact question (
In re C.L.
, 180 Ill. App. 3d 173, 181, 534 N.E.2d 1330 (1989)), inappropriate for resolution at the pleading stage (
People v. Sheehan
, 168 Ill. 2d 298, 303, 659 N.E.2d 1339 (1995)).  Any details regarding the color, brightness, and intensity of the laser allegedly used by Smit may inform this determination at trial.

Finally, the trial court granted Smit's motion to dismiss because Smit, using the laser light, lacked the present ability to cause a battery.  The defendant's "present ability" to cause a battery was an element of assault until the introduction of the 1961 Criminal Code.  See 720 ILCS 5/12-1, Committee Comments--

1961, at 215 (Smith-Hurd 1993)("The former law defined an assault in terms of 'an unlawful attempt', coupled with 'a present ability'.")  Today, sensibly, we focus on the victim's "reasonable apprehension" of a battery. 

CONCLUSION

Because the prosecution sufficiently alleged Smit committed an assault, we reverse the trial court's dismissal order and remand for further proceedings.

Cahill, P.J., and Cerda, J., concur.