SIXTH DIVISION

June 22, 2001

Nos. 1-99-3987 & 1-00-0119; Cons.

LEONA STEIN, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee and Cross-Appellant, ) Cook County.

)

)

)

THE CHICAGO PARK DISTRICT, a Municipal )

Corporation, ) Honorable

) Walter J. Kowalski,

Defendant-Appellant and Cross-Appellee. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant, the Chicago Park District, appeals the jury's  verdict in favor of plaintiff, Leona Stein, on plaintiff's negligence action.  Plaintiff cross-appeals.  On appeal, defendant argues that the circuit court erred in (1) denying its motion for judgment notwithstanding the verdict based on section 3-106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-106 (West 1998)); and (2)denying its posttrial motion to file amended affirmative defenses.  On cross-appeal, plaintiff argues that the jury's award of damages was inadequate because (1) the jury failed to award her any of her medical expenses; and (2) the jury improperly found her to be 50% contributory negligent.  Plaintiff also argues that the circuit court erred in allowing testimony as to certain allegedly irrelevant comments made by plaintiff's husband.  We affirm on the appeal and the cross-appeal.

At about 10 a.m. on June 11, 1994, plaintiff was walking on a sidewalk just south of Monroe Street and west of Lake Shore Drive in the area of Butler Field in Grant Park.  As plaintiff proceeded southbound on the sidewalk, she tripped over a watering hose that had been stretched across the sidewalk by two Park District employees who were watering plants at the northeast corner of Butler Field.

Plaintiff filed a negligence and willful and wanton action against defendant.  The jury returned a verdict in favor of defendant on the willful and wanton claim and a $406,600 verdict in favor of plaintiff on her negligence claims.  The jury reduced the verdict to $203,300 to reflect plaintiff's 50% contributory negligence.  The circuit court subsequently entered an amended judgment awarding plaintiff $256,288.75.  Defendant appealed.  Plaintiff cross-appealed.

I.  Defendant's appeal

On appeal, defendant argues that the circuit court erred in denying its motion for judgment notwithstanding the verdict on plaintiff's negligence claims.  A judgment notwithstanding the verdict judgment 
n.o.v
 should be entered only when all of the evidence, viewed in the light most favorable to the non-moving party, so overwhelmingly favors the movant that no contrary verdict based on that evidence could stand.  
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 510 (1967).

Defendant argues that judgment 
n.o.v.
 is appropriate here because section 3-106 of the Tort Immunity Act immunizes defendant from liability in negligence for plaintiff's injury.  Section 3-106 states:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury."  745 ILCS 10/3-106 (West 1998).

Plaintiff does not dispute that defendant is a local public entity and that the Grant Park sidewalk upon which she fell is "public property intended or permitted to be used for recreational purposes."  745 ILCS 10/3-106 (West 1998).  Plaintiff's argument is that the hose which caused her injury was not a "condition" of Grant Park that would immunize defendant from liability under section 3-106.  

In determining whether the hose was a "condition of any public property," we must construe section 3-106.  Because the construction of a statute is a matter of law, review is 
de
 
novo
. 
City of Chicago v. Illinois Commerce Comm'n
, 286 Ill. App. 3d 557, 559 (1997).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature.  
City of Chicago
, 286 Ill. App. 3d at 559.  The most reliable indication of legislative intent is the language of the statute itself.  
People v. Ellis
, 296 Ill. App. 3d 862, 865 (1998).  In interpreting a statutory provision, words should be given their plain and ordinary meaning.  
Ellis
, 296 Ill. App. 3d at 865.  The dictionary can be used to ascertain the ordinary and popular meaning of words.  
Ellis
, 296 Ill. App. 3d at 865.

A "condition" is part of the property's "mode or state of being" (see American Heritage Dictionary, 290 (3d coll. ed. 1993)), 
i.e.
, part of the property itself.  Examples of such conditions of property include restroom facilities within a park (
Annen v. Village of McNabb
, 192 Ill. App. 3d 711 (1990)), a steel barricade barring unauthorized vehicles from a recreational area (
Kirnbauer v. Cook County Forest Preserve District
, 215 Ill. App. 3d 1013 (1991)), wires used to straighten and support trees (
Straub v. City of Mt. Olive
, 240 Ill. App. 3d 967 (1993)), and a 100-pound concrete parking abutment "car stop" in a parking lot (
Sylvester v. Chicago Park District
, 179 Ill. 2d 500 (1997)).

Here, the hose was moved from place to place within the park to water plants, then returned to storage at the end of the day.  Unlike the restroom facilities in 
Annen
, the steel barricade in 
Kirnbauer
,  the wires in 
Straub
, or the car stop in 
Sylvester
, the watering hose at issue was not affixed to the property in such a way as to become a part of the property itself.  Since the hose was not part of the property, it was not a "condition" thereto and section 3-106 therefore does not apply.

Next, defendant argues that the circuit court erred in denying its motion for judgment 
n.o.v.
 because the evidence in the record does not support a negligence verdict.  The jury was given the following issues instruction as to negligence:

"The plaintiff claims that she was injured and sustained damage and that the defendant was negligent in one or more of the following respects:

a. Failing to place warning signs at or near the water hose that it had placed across the sidewalk; or 

b. Placing an inadequate warning device at or near the water hose that it had placed across the sidewalk." 

Plaintiff and several postoccurrence witnesses testified that they saw no warning sign at or near the hose.  Said evidence was sufficient to support a verdict that defendant failed to place warning signs at or near the hose; viewed in the light most favorable to plaintiff, the evidence does not so overwhelmingly favor defendant that no contrary verdict could stand.  
Pedrick
, 37 Ill. 2d at 510.

Next, defendant has filed a motion pursuant to Supreme Court Rule 362 (155 Ill. 2d R. 362) asking leave to file amended affirmative defenses based on sections 2-109, 2-201, and 3-108(a) of the Tort Immunity Act, which provide immunity for discretionary decisions and for supervisory failures.  745 ILCS 10/2-109, 2-201, 3-108(a) (West 1998).  Defendant argues that the amended affirmative defenses are necessary to counter certain jury instructions which contain a theory of liability not pleaded in plaintiff's complaint. 

A party who seeks on appeal to amend his pleadings must show that "no prejudice will result to the adverse party if the amendment sought is permitted."  155 Ill. 2d R. 362(b).  Defendant first raised the amended affirmative defenses in a posttrial motion; defendant never argued during trial or during the jury instruction conference that those defenses applied to bar plaintiff's cause of action.  To allow defendant to amend its pleadings and file the amended affirmative defenses for the first time on appeal would unduly prejudice plaintiff.  Defendant's motion is denied.

Defendant argues that 
Schiff v. Schiff
, 25 Ill. App. 2d 157 (1960), compels a different result.  The appellate court in 
Schiff
 upheld an agreement by all parties to amend the pleadings.  
Schiff
 is inapposite to the present case, as plaintiff never agreed to any amendment to the pleadings.  

II.  Plaintiff's cross-appeal

On cross-appeal, plaintiff argues for a new trial on damages because the jury failed to award her any of her $105,977.49 in medical expenses.  We disagree.  The circuit court cured the error by granting additur in the amount of $52,988.75, which represented the $105,977.49 reduced by plaintiff's 50% contributory negligence.  

Next, plaintiff argues that the jury's finding of 50% contributory negligence is against the manifest weight of the evidence.  Plaintiff testified that at the time of her injury, she was walking south on a dry sidewalk running next to Lake Shore Drive on a sunny Saturday morning.  Her vision was normal and her view of the sidewalk was unencumbered as she tripped on the hose (described as either a 2 ½-inch-diameter red rubber hose or a 3 to 4-inch-diameter gray canvas hose).  The jury observed both types of hose in the court room, evaluated plaintiff's testimony, and determined that she was 50% negligent.  We cannot say that the jury's determination was against the manifest weight of the evidence, 
i.e.
, that the opposite conclusion was clearly apparent.  
Demos v. Ferris-Shell Oil Co.
, 317 Ill. App. 3d 41, 52 (2000).

Finally, plaintiff argues that the circuit court erred in allowing testimony as to comments made by plaintiff's husband (Doctor Stein) upon arriving at the scene of the accident, specifically, that he threatened to "file a tort."  Plaintiff argues that such comments were irrelevant.  We disagree, as said evidence was relevant to show Doctor Stein's interest in the proceeding.  See 735 ILCS 5/8-101 (West 1998).  Further, said testimony was not prejudicial to plaintiff's case.  

For the foregoing reasons, we affirm on the appeal and the cross-appeal.

Affirmed.

CAMBPELL, P. J., and BUCKLEY, J., concur.