MARINE FLORES, Plaintiff, v. PALMER MARKETING, INC., d/b/a The Mega Event, *et al.*, Defendants (HEC Services, Inc., Third-Party Plaintiff-Appellant; Antonio Baca *et al.*, Third-Party Defendants-Appellees).

First District (5th Division)    No. 1—04—1867

Opinion filed September 23, 2005.

O'Hagan, Smith & Amundsen, L.L.C., of Chicago (Jerome J. Duchowicz, of counsel), for appellant.

Chicago Park District, of Chicago (Nelson Brown, Jr., of counsel), for appellees.

Copeland, Finn & Fieri, Ltd. (Lawrence Dairymple, of counsel), and Scariano, Elich, Himes & Petrarca, Chtrd. (Micheal A. DeBartolo, of counsel), both of Chicago.

JUSTICE O'BRIEN delivered the opinion of the court:

HEC Services, Inc. (HEC), appeals the order of the circuit court granting Antonio Baca and the Chicago Park District's (Park District)

motion pursuant to section 2—619 (735 ILCS 5/2—619 (West 2000)) of the Code of Civil Procedure to dismiss HEC's third-party claim for contribution. Upon appeal, HEC contends the trial court erred in finding that its claim for contribution against Baca was barred by section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a) (West 2000)) and that its claim for contribution against the Park District was barred under sections 2—109, 3—106 and 3—108 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—109, 3—106, 3—108 (West 2000)). We affirm.

On July 28, 2000, the plaintiff, Marine Flores, was employed by the Park District as a counselor for its summer camp program at Pulaski Park, located at 1419 West Blackhawk in Chicago. Third-party defendant Antonio Baca worked at the summer camp as a Park District volunteer whose "responsibilities were to interact with the kids, make sure they wouldn't fight, make sure [about] safety, help the counselors deal with the kids." Before working as a volunteer, Baca received training in first aid, how to assist the counselors, and how to report when "anything's wrong."

One of the activities offered at the summer camp was an inflatable slide which the Park District leased from defendant, Palmer Marketing, Inc. On July 28, 2000, Flores was located on the top of the slide where she helped the children to slide down safely. Meanwhile, one of the children challenged Baca to a race up and down the slide, and, as Baca slid down, he lost his balance and grabbed onto a bungee cord attached to the slide. When Baca released the cord, it snapped back and struck Flores in the face, causing injury.

On March 20, 2001, Flores filed a negligence complaint against Palmer Marketing, and on June 28, 2001, Flores amended her complaint to add HEC Services, the manufacturer of the slide, as a defendant. In its answer, HEC denied all allegations of wrongdoing.

On June 26, 2002, the trial court granted HEC leave to file a third-party complaint for contribution against the Park District and Baca. In count I of its third-party complaint, HEC alleged that the Park District negligently failed to adequately supervise, manage or control the work of its employees, volunteers or contractors during the erection and operation of the slide, failed to provide a safe and suitable workplace, allowed the slide to be operated while in an unsafe and dangerous condition, failed to train its employees and volunteers in a proper manner and failed to exercise due care, and that Flores' injures were directly and proximately caused by the Park District's negligence. In count II, HEC alleged that Baca, individually and as an agent for the Park District, negligently grabbed and released a bungee

cord on the slide, negligently and carelessly performed his duties as a volunteer, and failed to exercise due care.

The Park District and Baca filed a section 2—619 motion to dismiss the third-party complaint based upon the one-year statute of limitations in section 8—101 of the Tort Immunity Act. On January 17, 2003, the trial court granted the section 2—619 motion with prejudice, finding that the third-party action was untimely as it was not filed within one year of the occurrence. HEC filed a motion to reconsider, which the trial court denied, and HEC then filed a notice of appeal on May 7, 2003. During briefing of the appeal, Baca and the Park District conceded that the third-party complaint was indeed filed in a timely manner. On March 31, 2004, this court reversed the dismissal and remanded the cause without addressing the other grounds alleged in the section 2—619 motion because the trial court had not addressed those grounds in its decision. See *Flores v. Palmer Marketing, Inc.*, No. 1—03—1376 (March 31, 2004) (unpublished order under Supreme Court Rule 23).

Upon remand, the trial court again granted Baca and the Park District's section 2—619 motion to dismiss the third-party complaint. Regarding count I, the court found that sections 3—106 and 3—108 of the Tort Immunity Act immunized the Park District for its alleged negligence in failing to adequately supervise the work of its employees and volunteers. Regarding count II, the court found that section 5(a) of the Workers' Compensation Act immunized Baca for liability in negligence and section 2—109 of the Tort Immunity Act immunized the Park District from any vicarious liability based upon Baca's negligence. HEC filed this timely appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

## I. HEC's CONTRIBUTION CLAIM AGAINST THE PARK DISTRICT

First, we address the court's dismissal of count I of HEC's contribution claim against the Park District. All well-pleaded facts are taken as true for purposes of a section 2—619 motion to dismiss, and dismissal is proper only if no facts exist that would entitle plaintiff to recover. *Senesac v. Employer's Vocational Resources, Inc.*, 324 Ill. App. 3d 380 (2001). Review of a dismissal pursuant to section 2—619 is *de novo. Saichek v. Lupa*, 204 Ill. 2d 127, 134 (2003).

Paragraphs 6(a), (b) and (f) of count I of HEC's third-party complaint allege that the Park District negligently failed to properly supervise and train its employees and volunteers during the erection and operation of the slide and during the performance of their duties. Section 3—108 of the Tort Immunity Act immunizes local public enti-

ties that negligently "supervise" activity on public property. 745 ILCS 10/3—108 (West 2000). Thus, section 3—108 immunizes the Park District for the supervisory failures alleged in paragraphs 6(a), (b), and (f) of count I.

HEC argues that the Park District lost any immunity for supervision when Baca raced against, instead of supervised, a child who had challenged him to a race. HEC's argument is without merit, as HEC did not plead a failure on the part of Baca to properly supervise the child; rather, HEC alleged a failure on the part of the Park District to properly supervise Baca. The Park District's alleged failure to properly supervise Baca is subject to the immunity provided under section 3—108.

■ Next, paragraphs 6(c), (d), (e), and (g) of count I allege that the Park District failed to reasonably inspect the slide to determine if the work area was safe, failed to provide its employees and volunteers with a safe workplace, allowed the slide to be operated in an unsafe and dangerous condition, and otherwise failed to use due care. All the allegations of negligence in paragraphs 6(c), (d), (e), and (g) of count I are premised on a condition of the slide, *i.e.*, the existence of the unsecured bungee cord on the slide, which, when released by Baca, snapped back and struck Flores in the face.

Section 3—106 of the Tort Immunity Act provides: "[n]either a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes *** unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3—106 (West 2000). Furthermore, section 3—101 of the Tort Immunity Act states: "[a]s used in this Article unless the context otherwise requires 'property of a local public entity' and 'public property' mean real or personal property owned *or leased by a local public entity.*" (Emphasis added.) 745 ILCS 10/3—101 (West 2000).

The Park District leased the inflatable slide for use in its summer camp program on Park District property. The parties do not dispute that participants enrolled in the summer camp for recreational purposes and that the inflatable slide erected on Park District property on the day of Flores' injury provided part of the recreation. Therefore, the leased slide is "public property intended or permitted to be used for recreational purposes" (745 ILCS 10/3—106 (West 2000)), and under section 3—106 the Park District is immune from any allegations of negligence in paragraphs 6(c), (d), (e), and (g) concerning the existence of a condition of the slide.

HEC argues that *Stein v. Chicago Park District*, 323 Ill. App. 3d

574 (2001), compels a different result. Leona Stein tripped over a watering hose on a Grant Park sidewalk and subsequently filed a negligence and willful and wanton action against the Park District. *Stein*, 323 Ill. App. 3d at 576. The jury returned a verdict in favor of Stein on her negligence claims. *Stein*, 323 Ill. App. 3d at 576. Upon appeal, the Park District argued that the watering hose was a condition of recreational property and therefore that section 3—106 immunity applied. This court held that a "condition" is part of the property's mode or state of being, *i.e.*, part of the property itself, and that the moveable watering hose was not affixed to the property in such a way as to be considered a part of the property or a "condition" thereto. *Stein*, 323 Ill. App. 3d at 577. Therefore, section 3—106 did not apply. *Stein*, 323 Ill. App. 3d at 577. HEC argues that, similar to *Stein*, the slide upon which Flores' injury occurred was not permanently affixed to the Park District property in such a way as to become a part of the property itself and, therefore, that section 3—106 does not apply. We disagree. Unlike the watering hose in *Stein*, the slide at issue here was leased by the Park District and was being used for recreational purposes at the time of Flores' accident; in other words, unlike in *Stein*, the slide itself was the "public property intended or permitted to be used for recreational purposes." 745 ILCS 10/3—106 (West 2000). As the allegations of negligence in paragraphs 6(c), (d), (e), and (g) are premised on a condition of the slide, section 3—106 immunizes the Park District from liability in negligence. Accordingly, we affirm the dismissal of count I of HEC's third-party complaint.

## II. HEC's CLAIM FOR CONTRIBUTION AGAINST BACA

Next, we address the court's dismissal of count II of HEC's contribution claim against Baca under section 5(a) of the Workers' Compensation Act.

■ Section 5(a) of the Workers' Compensation Act states: "[n]o common law or statutory right to recover damages from the employer, his insurer, his broker, *** *or the agents or employees of any of them* for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." (Emphasis added.) 820 ILCS 305/5(a) (West 2000).

Thus, by its express terms, section 5(a) operates to make workers' compensation benefits the exclusive remedy of an injured employee against a negligent coemployee or agent of the employer acting in the course of his or her employment. *Ramsey v. Morrison*, 175 Ill. 2d 218, 224 (1997). Coemployees or agents of the employer are thereby immunized from liability for negligently injuring a fellow worker. *Ram-*

*sey*, 175 Ill. 2d at 224. The immunity granted to coemployees and agents under section 5(a) of the Workers' Compensation Act may be raised as a bar in both direct actions and third-party contribution actions. *Ramsey*, 175 Ill. 2d at 231.

HEC argues that, as an unpaid volunteer, Baca was not an employee of the Park District when he let go of the bungee cord and struck his coworker Flores in the face and therefore Baca does not fall within the immunity provided under section 5(a) of the Workers' Compensation Act. In support, HEC cites a series of cases holding that an employer-employee relationship does not exist in the absence of payment from the employer to the employee. See *Board of Education v. Industrial Comm'n*, 53 Ill. 2d 167, 171 (1972); *Pearson v. Industrial Comm'n*, 318 Ill. App. 3d 932, 936 (2001).

■ As discussed above, though, section 5(a) of the Workers' Compensation Act extends immunity not merely to coemployees, but also to "agents" of the employer. A volunteer is a servant or agent if his physical conduct in performing his services is subject to the organization's control or right to control. *Alms v. Baum*, 343 Ill. App. 3d 67, 71 (2003). Baca served as a volunteer whose duties consisted of assisting Park District counselors in managing the children in the summer program. Baca also received training from the Park District on how to perform his duties as a volunteer. Since Baca's performance of his volunteer services was subject to the Park District's control or right to control, he was an agent of the Park District under the Workers' Compensation Act. See, *e.g.*, *Alms*, 343 Ill. App. 3d at 77 (a volunteer camp leader for Ronald McDonald House had a master-servant relationship with the organization.)

When the injury to Flores occurred, Baca was acting within the scope of his employment by interacting with the children while they played on the inflatable slide. Thus, since Baca was an agent of the Park District acting within the scope of his employment, section 5(a) of the Workers' Compensation Act immunizes him from liability for contribution on a claim filed by Flores, an employee of the Park District. *Ramsey*, 175 Ill. 2d at 229. Accordingly, we affirm the court's dismissal of HEC's contribution claim against Baca.

### III. HEC's CONTRIBUTION CLAIM AGAINST THE PARK DISTRICT FOR VICARIOUS LIABILITY

Finally, we address count II of HEC's complaint, which alleges vicarious liability against the Park District based upon Baca's conduct. The Park District contends that section 2—109 of the Tort Immunity Act immunizes it from HEC's claim for contribution based upon vicarious liability. The fundamental rule of statutory interpretation is to

give effect to the legislature's intent. *In re Marriage of Rogers*, 213 Ill. 2d 129, 136 (2004). The best indicator of this intent is the plain language of the statute, and when that language is clear, its meaning must be given effect without resort to other tools of interpretation. *Metzger v. DaRosa*, 209 Ill. 2d 30, 35 (2004).

■ Section 2—109 states: "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2—109 (West 2000). As a volunteer for the Park District, Baca falls within the Tort Immunity Act's definition of an "employee." See 745 ILCS 10/1—202 (West 2000) (" 'Employee' includes a *** volunteer *** whether or not compensated ***"). The plaintiff's, Flores', injuries resulted from Baca's releasing the bungee cord, *i.e.*, her injuries resulted from an "act or omission of [the Park District's] employee" for which the Park District is immunized under section 2—109. See, *e.g.*, *Sank v. Poole*, 231 Ill. App. 3d 780 (1992). Accordingly, we affirm the dismissal of count II of HEC's contribution claim against the Park District based upon vicarious liability.

■ HEC requests leave to file an amended third-party complaint. Amendments to pleadings should be liberally allowed, unless the opponent would be prejudiced as a result. *Bank of Northern Illinois v. Nugent*, 223 Ill. App. 3d 1, 13 (1991). Among the factors to be considered in deciding whether to allow an amendment is whether the amendment would cure the pleading defect; whether it would cause surprise or prejudice to other parties; the timeliness of the proposed amendment; and whether previous opportunities to amend have been allowed. *Nugent*, 223 Ill. App. 3d at 13. Regarding count I, the trial court initially dismissed without prejudice, so that HEC could replead a claim based upon willful and wanton conduct. Instead of repleading count I to allege willful and wanton conduct, HEC moved the court to enter an order finding that the dismissal of count I was with prejudice and that pursuant to Rule 304(a) there was no just reason to delay enforcement or appeal. The court granted HEC's motion. Thus, HEC had the opportunity to replead count I, but instead chose to take an immediate appeal; accordingly, we deny HEC's belated motion for leave to amend count I. Regarding count II, both Baca and the Park District are immune from liability; HEC can plead no facts that would overcome this immunity. Accordingly, HEC's request for leave to file an amended third-party complaint is denied.

For the foregoing reasons, we affirm the circuit court.

Affirmed.

GALLAGHER, P.J., and CAMPBELL, J., concur.