*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of Judgment and Sale Against Lands and Lots Upon Which All or Part of the General Taxes for Two (2) or More Years Are Delinquent, Including General and Special Taxes, Costs and Interest Due Thereon, Pursuant to Sections 35 ILCS 200/21—145 and 200/21—260 as Amended of the Property Tax Code (Petition for Tax Deed of Elton Elzey, Assignee of Real Management, Inc., Petitioner).

First District (4th Division)   No. 1—08—0092

Opinion filed March 31, 2009.—Rehearing denied April 28, 2009.

Carter & Reiter, Ltd., of Chicago (Terry Carter and Gregory Reiter, of counsel), for petitioner.

Richard A. Devine, State's Attorney, of Chicago (Paul T. Driscoll, Jr., Aaron R. Bilton, Marilyn F. Schlesinger, and Tatia Gibbons, Assistant State's Attorneys, of counsel), for respondent.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

The respondent Cook County treasurer and *ex officio* Cook County collector appeals the order of the circuit court granting petitioner Elton Elzey's motion to merge prior years' taxes into the tax deed to be issued to petitioner. We reverse.

At a scavenger tax sale held in December 2003, Real Management, Inc., purchased delinquent taxes for the tax years 2000 and 2001 for the property located at 8512 S. Vincennes in Chicago. The redemption date for the 2003 sale of the 2000-01 taxes expired December 5, 2007, and the taxes were not redeemed. Real Management, Inc., timely filed a petition for tax deed and assigned the certificate of purchase to the petitioner. On December 5, 2007, the trial court entered an order directing the county clerk to issue the tax deed to petitioner.

Meanwhile, the 2005 scavenger tax sale was held on January 13, 2006. At the 2005 scavenger tax sale, the taxes for 1987 through 2003 for the property (exclusive of 1996, 1997, 2000 and 2001 taxes) were sold to a third tax buyer, Sahli Enterprises, Inc. On August 8, 2007, petitioner filed a motion requesting that the 1987 to 1999 taxes that

had been sold at the 2005 scavenger tax sale be extinguished and merged into the tax deed to be issued to petitioner. In support, petitioner cited section 22—40(b) of the Property Tax Code, which states:

"(b) *If taxes for years prior to the year or years sold are or become delinquent subsequent to the date of sale, the court shall find that the lien of those delinquent taxes has been or will be merged into the tax deed grantee's title* if the court determines that the tax deed grantee or any prior holder of the certificate of purchase, or any person or entity under common ownership or control with any such grantee or prior holder of the certificate of purchase, was at no time the holder of any certificate of purchase for the years sought to be merged. If delinquent taxes are merged into the tax deed pursuant to this subsection, the court shall enter an order declaring which specific taxes have been or will be merged into the tax deed title and directing the county treasurer and county clerk to reflect that declaration in the warrant and judgment records; provided, that no such order shall be effective until a tax deed has been issued and timely recorded. Nothing contained in this Section shall relieve any owner liable for delinquent property taxes under this Code from the payment of the taxes that have been merged into the title upon issuance of the tax deed." (Emphasis added.) 35 ILCS 200/22—40(b) (West 2006).

Petitioner argued that the 1987 to 1999 taxes sold to Sahli Enterprises, Inc., at the 2005 scavenger tax sale included 11 years of taxes prior to the years (2000 and 2001) sold to petitioner in the 2003 scavenger tax sale. Petitioner contended that those 11 years of prior taxes were delinquent at the time of the petitioner's sale in 2003 and subsequent thereto. Petitioner argued that since the 11 years of prior taxes sold to Sahli Enterprises at the 2005 scavenger tax sale were delinquent at the time of petitioner's sale in 2003 and subsequent thereto, section 22—40(b) required the court to "find that the lien of those delinquent taxes has been or will be merged into the tax deed grantee's title." 35 ILCS 200/22—40(b) (West 2006).

Respondent objected to the merger sought by petitioner and cited in support section 22—40(a), which states:

"(a) If the redemption period expires and the property has not been redeemed and all taxes and special assessments which became due and payable subsequent to the sale have been paid *and all forfeitures and sales which occur subsequent to the sale have been redeemed* and the notices required by law have been given and all advancements of public funds under the police power made by a city, village or town under Section 22—35 have been paid and the petitioner has complied with all the provisions of law entitling him

or her to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed. The court shall insist on strict compliance with Section 22—10 through 22—25. Prior to the entry of an order directing the issuance of a tax deed, the petitioner shall furnish the court with a report of proceedings of the evidence received on the application for tax deed and the report of proceedings shall be filed and made a part of the court record." (Emphasis added.) 35 ILCS 200/22—40(a) (West 2006).

Respondent argued that section 22—40(a) requires that "all forfeitures and sales which occur subsequent to the [tax deed petitioner's] sale" be redeemed prior to obtaining an order for tax deed. 35 ILCS 200/22—40(a) (West 2006). Respondent contended that the 2005 sale to Sahli Enterprises was a sale subsequent to the 2003 sale to petitioner and, as such, that petitioner must redeem the 2005 sale prior to obtaining an order for tax deed.

On October 11, 2007, the trial court granted petitioner's motion to merge the 1987 to 1999 taxes into the tax deed to be issued to petitioner. On December 5, 2007, the trial court granted petitioner's motion directing the issuance of a tax deed. Respondent filed this timely appeal of the October 11 merger order, contending that under section 22—40(a), petitioner was required to pay the 1987 to 1999 taxes prior to receiving his tax deed. Petitioner responds that the merger order properly was entered pursuant to section 22—40(b).

The resolution of this appeal requires this court to construe sections 22—40(a) and 22—40(b). Because the construction of a statute is a matter of law, review is *de novo*. *City of Chicago v. Illinois Commerce Comm'n*, 286 Ill. App. 3d 557, 559 (1997).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *City of Chicago*, 286 Ill. App. 3d at 559. The most reliable indication of legislative intent is the language of the statute itself. *People v. Ellis*, 296 Ill. App. 3d 862, 865 (1998). In interpreting a statutory provision, words should be given their plain and ordinary meaning. *Ellis*, 296 Ill. App. 3d at 865.

■ The language of section 22—40(a) clearly provides a tax deed may be issued only after the following six requirements have been met: (1) the redemption period expires and the property has not been redeemed; (2) all taxes and special assessments that became due and payable subsequent to the sale have been paid; (3) all forfeitures and sales that occur subsequent to the sale have been redeemed; (4) the notices required by law have been given; (5) all advancements of public funds under the police power made by a city, village or town under

section 22—35 have been paid; and (6) the petitioner has complied with all the provisions of law entitling him to a deed. Section 22—40(a) provides that only when all six requirements have been met "shall [the court] enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed." 35 ILCS 200/22—40(a) (West 2006).

Section 22—40(b) provides for the trial court to order the merger of certain delinquent taxes, but that "no such order shall be effective until a tax deed has been issued and timely recorded." 35 ILCS 200/22—40(b) (West 2006). Thus, section 22—40(b) clearly provides that the merger provided for therein shall not occur until the petitioner has complied with the requirements of section 22—40(a) and the tax deed has been issued

■ Applying this analysis to the present case, we note that Real Management, Inc., purchased delinquent taxes for the property in question during the 2003 scavenger tax sale and assigned the certificate of purchase to the petitioner. About two years later, during the 2005 scavenger tax sale, a third tax buyer, Sahli Enterprises, Inc., purchased the 1987 through 2003 taxes (exclusive of the 1996, 1997, 2000, and 2001 taxes). In August 2007, petitioner filed a motion to merge the 1987 to 1999 taxes sold to Sahli Enterprises during the 2005 scavenger tax sale into the tax deed to be issued to petitioner. The trial court granted petitioner's motion. The trial court's ruling was in error; since the 2005 scavenger tax sale was subsequent to petitioner's sale in 2003, petitioner was required under section 22—40(a) to redeem the 2005 sale in order for the tax deed to issue. See 35 ILCS 200/22—40(a) (West 2006) (providing that the tax deed shall not issue until "all forfeitures and sales which occur subsequent to the sale have been redeemed").

Petitioner argues that the 2005 sale included taxes for years prior to his sale in 2003, and as such, that he should not be required to redeem those taxes. Petitioner's argument is without merit, as section 22—40(a) expressly states that "all" subsequent sales must be redeemed (35 ILCS 200/22—40(a) (West 2006)) and makes no exception for subsequent sales incorporating prior years' taxes.

Petitioner also argues that the prior taxes sold at the 2005 scavenger tax sale were delinquent at the time of petitioner's sale in 2003, and that section 22—40(b) required the trial court to "find that the lien of those delinquent taxes has been or will be merged into the tax deed grantee's title." 35 ILCS 200/22—40(b) (West 2006). Petitioner's argument is without merit; as discussed above, section 22—40(b) has no effect until the tax deed is issued, *i.e.*, until after the

petitioner has redeemed all subsequent sales, including in the present case the 2005 scavenger tax sale.

Petitioner contends that our construction of section 22—40 improperly renders section 21—310(a)(1) of the Property Tax Code superfluous. Section 21—310(a)(1) provides for a sale in error when: "the property was not subject to taxation, or all or any part of the lien of taxes sold has become null and void pursuant to Section 21—95 or unenforceable pursuant to subsection (c) of Section 18—250 or subsection (b) of Section 22—40." 35 ILCS 200/21—310(a)(1) (West 2006). Petitioner contends that "[s]ection 21—310(a)(1) contemplates that a tax sale will be held in error if the taxes which are the subject of the sale have become unenforceable through a declaration of merger through [s]ection 22—40(b)." Petitioner argues that our construction of section 22—40 "renders the language in [s]ection 21—310(a)(1) superfluous and futile as no tax sale could be held in error by way of a merger order."

Petitioner's contention is without merit. Under our construction of the statute, the merger provisions of section 22—40(b) do not become operative until petitioner first complies with all the requirements of section 22—40(a) and obtains the tax deed. However, once the petitioner complies with the requirements of section 22—40(a), and the tax deed is issued, taxes from sales that open up may be merged under section 22—40(b). The sale in error provision of section 21—310 is not superfluous.

Finally, petitioner contends that our construction of section 22—40 violates section 22—55 of the Property Tax Code, which states, "This Section shall be liberally construed so that tax deeds shall convey merchantable title." 35 ILCS 200/22—55 (West 2006). Petitioner contends that if "a tax deed is subject to unpaid prior taxes, which were not a part of the tax sale in the first instance, then the tax deed does not convey merchantable title."

However, as aptly noted by the respondent:

"This simply will not be true if the tax deed holder properly avails himself of the protections contained in Section 22—40 as it was intended. First, that tax buyer would not be entitled to a tax deed unless it had redeemed all forfeitures and subsequent tax sales, notwithstanding whether the tax years in the subsequent sale were for prior or subsequent years. Next, the deed would convey merchantable title so long as the tax buyer, once it obtained a tax deed, took the time to seek a merger of any taxes which were unsold and open upon the expiration of certificate of purchase or upon the granting of a sale in error. By doing so, there would be no outstanding taxes which could interfere with clear title. Thus, Section 22—

40, when properly and fully complied with, actually ensures merchantable title is conveyed to the tax buyer."

For the foregoing reasons, the petitioner must redeem the 2005 sale in order to obtain a tax deed.

Reversed.

NEVILLE and STEELE, JJ., concur.