FOURTH DIVISION  

February 10, 2000

No. 1-99-0727

FLOYD GORE and ANGELA GORE,             )  Appeal from the

Individually, and ANGELA GORE as mother )  Circuit Court of

and next friend of QUINTIN GORE, )  Cook County

MELANIE GORE and FLOYD GORE, JR.,     )

all minors, )

) 

Plaintiffs-Appellants,     )  No. 91 M1 307915

)

    v. )  

)

ANTHONY MARTINO and MICHAEL MARTINO, )  Honorable

)  Sidney A. Jones III,

Defendants-Appellees. )  Judge Presiding.

JUSTICE SOUTH delivered the opinion of the court:

This is a personal injury action brought by plaintiffs Floyd  and Angela Gore and by Angela Gore as mother and next friend of the minors Quintin Gore, Melanie Gore and Floyd Gore, Jr., against defendants Anthony and Michael Martino.  Plaintiffs appeal from the trial court's order debarring them from rejecting the arbitration award which found in their favor on liability but awarded no damages.  

In October 1997, plaintiffs filed a 16-count complaint against defendants as a result of a motor vehicle collision which occurred on July 3, 1996, in Chicago.  Plaintiffs claimed damages of $30,000.  Defendants appeared and answered denying each relevant allegation.  Discovery was exchanged.  

On October 29, 1998, plaintiffs voluntarily dismissed their cause of actions against defendant Michael Martino.  

An arbitration hearing was held on November 2, 1998.  The arbitrators found in favor of plaintiffs on the issue of liability but awarded no damages.  The award further indicated that none of the plaintiffs was present during presentation of plaintiffs' case-in-chief, that plaintiffs rested their case at 10:35 a.m. and plaintiffs arrived at 10:40 a.m.

On December 1, 1998, plaintiffs filed their notice of rejection of the award.  Defendant filed a motion to debar plaintiffs from rejecting the arbitration award, alleging that plaintiffs had been late to the hearing and failed to present their case.  Attached to this motion was a copy of his Rule 237 (166 Ill. 2d R. 237) notice to plaintiffs to appear at the arbitration hearing.  Defense counsel's affidavit was also attached.  She stated that the arbitration hearing was scheduled to begin at 10 a.m., that the panel waited for 15 minutes for the plaintiffs to arrive.  When she then requested judgment in defendant's favor, the panel refused and instead proceeded with arbitration at which plaintiffs' counsel was present.  She further stated that plaintiffs still had not arrived at the close of plaintiffs' case-in-chief.  At 10:40 a.m., each plaintiff except Floyd Gore had arrived.  Floyd arrived five minutes later.  They blamed their tardiness on heavy traffic.  The arbitrators refused to allow any of the plaintiffs to testify.  

Plaintiffs filed a response to defendant's motion to debar, stating that the arbitrators denied defendant's request to make a finding of bad faith participation.  Plaintiffs further stated that when their case was called, plaintiffs' counsel examined defendant adversely and their Rule 90(c) package was accepted into evidence.  The arbitrators subsequently refused plaintiffs' request to reopen the case.  Plaintiffs argued that defendant had every opportunity to call any of the plaintiffs but did not do so.  They further argued that they did not purposely fail to appear, and they did not violate the Rule 237 notice because they were merely tardy.  Plaintiffs' response was supported by counsel's affidavit.

In its reply, defendant noted that none of the plaintiffs had filed an affidavit stating the reason for their late arrival at the arbitration hearing.  

At the hearing on defendant's motion, the trial court held that plaintiffs had failed to arbitrate in good faith and granted defendant's motion to debar plaintiffs from rejecting the arbitration award.  

Plaintiffs contend that the trial court's order renders any tardiness at an arbitration hearing "
ipso
 
facto
" bad faith participation.  They also maintain that the trial court should not be able to make a finding of bad faith when the arbitration panel refused to do so.  

A party who appears through counsel, but not in person at an arbitration hearing, does not waive the right to reject the award (
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 882-83 (1995)), but he may still be debarred from rejecting the award if he failed to appear pursuant to a Rule 237 notice.  Supreme Court Rule 237(b) provides that a party, who requires the presence of an opposing party at trial, serve a notice upon that party.  166 Ill. 2d R. 237(b).  This rule is also applicable to arbitration hearings.  166 Ill. 2d R. 90(g).  The hearing shall proceed "in the absence of any party who, after due notice, fails to be present."  145 Ill. 2d R. 91(a).  

Rule 237(b) also states that when a party fails to comply with the notice to appear, the court may enter any order that is just, including "any order provided for in Rule 219(c) that may be appropriate."  166 Ill. 2d R. 237(b).  Rule 219 provides for the debarment of the offending party from filing any other pleading relating to any issue to which the "refusal or failure relates" (166 Ill. 2d R. 219(c)(ii)), and "maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue" (166 Ill. 2d R. 219(c)(iii)).  Debarment will not be reversed as long as it is not an abuse of discretion.  
Hinkle v. Womack
, 303 Ill. App. 3d 105, 110 (1999); 
Williams v. Dorsey
, 273 Ill. App. 3d 893, 900-01 (1995).  

Because plaintiffs did arrive during the period in which the arbitration was scheduled, we are unwilling to find that they failed to appear pursuant to notice, giving rise to an automatic waiver of the right to reject the award.  145 Ill. 2d R. 91(a).  There remains the question whether they arbitrated in good faith and in a meaningful manner as required by Rule 91(b).  145 Ill. 2d R. 91(b).  
Goldman v. Dhillon
, 307 Ill. App. 3d 169, 172 (1999).  

Despite the absence of a bad faith finding by the arbitrators, the trial court may bar rejection of an award based on its finding that plaintiff failed to subject his case to adversarial testing that would be expected at a trial (
Hinkle v. Womack
, 303 Ill. App. 3d 105, 112 (1999); 
Martinez v. Gaimari
, 271 Ill. App.3d 879, 883-84 (1995)), but no Illinois case has directly addressed the question of tardiness as evidence of bad faith.  However, in two cases a party was present but did not testify because an interpreter had not been provided.  In 
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669 (1997), the trial court barred defendants from rejecting an arbitration award, although they appeared with counsel and counsel made opening and closing statements and cross-examined the plaintiff.  The trial court found that they had failed to participate in good faith by not testifying at the arbitration.  This court reversed, holding that defendants' failure to bring an interpreter alone was not sufficient to constitute failure to participate in good faith in the absence of either a finding by the arbitrators or a transcript of the proceedings.  
West Bend Mutual Insurance Co.
, 292 Ill. App. 3d at 676.  

In 
State Farm Insurance Co. v. Kazakova
, 299 Ill. App. 3d 1028, 1032-33 (1998), defendant did not testify because she did not speak English, the arbitrators made a finding of failure to participate in good faith and the circuit court barred her from rejecting the award.  This court again reversed, finding that the trial court erred in barring defendant from rejecting the arbitration award.  We concluded that defendant's failure to provide an interpreter was not a violation of supreme court rules, that debarment was an unjustifiably harsh sanction, and that other sanctions could have been awarded.  

The standard to be applied was whether the party's conduct was characterized by a "deliberate and pronounced disregard" for the rules and the court.  
State Farm Insurance Co.
, 299 Ill. App. 3d at 1034.  Here, plaintiffs' conduct did not amount to deliberate and pronounced disregard for the rules or the court.  Plaintiffs were ready to testify when they arrived, but the arbitrators did not permit them to do so.  

The judgment of the trial court is reversed, and the cause is remanded with directions to permit plaintiffs to reject the arbitration award.  

Reversed and remanded.  

HOFFMAN, P.J., and HALL, J., concur.