THIRD DIVISION

Filed: 03/26/03

No. 1-02-1664

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ) Appeal from the

as Subrogee of ROBERT BOWER, ) Circuit Court of

) Cook County

   Plaintiff-Appellee, )

)

v. )

)

BARBRIELLE BUFORD, )

)

   Defendant/Third Party Plaintiff-Appellant,)

)

v. ) Honorable

) James P. McCarthy,

ROBERT BOWER, ) John G. Laurie and

) Patrick S. Lustig, 

Third Party Defendant- Appellee. ) Judges Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Barbrielle Buford, appeals from orders of the circuit court which: prospectively barred her from testifying and presenting evidence at a mandatory arbitration hearing if she failed to answer written discovery by a specified date; barred her from rejecting an arbitration award in favor of the plain­tiff, Government Employees Insurance Company; entered judgment on the arbitration award in favor of the plaintiff; and modified the judgment entered in favor of the plaintiff on the arbitra­tion award to include a judgment in favor of the third-party defen­dant, Robert Bower, on the defendant's third-party complaint for contribution.  For the reasons which follow, we affirm.

From the limited record before us, we are able to glean the following facts.  The plaintiff filed the instant action as subrogee of Robert Bower, asserting a negligence claim against the defendant as the consequence of a collision involving motor vehicles driven by Bower and the defendant.  The complaint alleged that the plaintiff insured Bower's vehicle and, as a consequence, became subrogated to his rights against the defen­dant when it paid for the repairs to Bower's vehicle.  The plaintiff sought recovery for the damages to Bower's vehicle.

The defendant answered the plaintiff's complaint, admitting that she was involved in the collision alleged, but denying all charges of negligence.  In addition, the defendant filed a "Third Party Complaint for Contribution" against the plaintiff's subrogor, Bower, alleging that Bower was negligent in the operation of his motor vehicle and seeking a judgment in favor of the defendant and against Bower "for Contribution in whole or in part for the negligence attributable to the Third Party Defendant [Bower]."  Bower answered the third-party complaint, denying all of the charging allegations contained therein.

On October 26, 2000, Judge McCarthy entered an order which, among other things, set February 23, 2001, as the date upon which all discovery was to be completed and assigned the case for mandatory arbitration.

On February 6, 2001, the plaintiff filed a motion asserting that the defendant had failed to answer interrogatories which were sent to her attorneys on November 20, 2000, and had also failed to respond to a production request sent on the same date.  As a sanction, the plaintiff requested that the defendant be barred from testifying or offering evidence either at the arbi­tration hearing or upon the trial of the cause.  On February 15, 2001, Judge McCarthy entered an "Agreed Order" which provided that the defendant was to answer written discovery by March 15, 2001, and that her failure to comply would result in her "being barred from testifying 
and
 presenting evidence at the arbitration and/or trial of this matter."  The order also provided that the sanction would remain in effect until vacated "upon motion by the party against whom the sanction applies."  The record does not contain a transcript of the hearing on February 15, 2001, or a certified bystander's report of the proceedings held on that date.

On March 29, 2001, without leave of court, the defendant filed tardy answers to the plaintiff's interrogatories.  There is no evidence in the record that the defendant responded to any production request.

An arbitration hearing was held in the instant matter on April 30, 2001.  On that date, the arbitrators entered an award in the sum of $7,486.93 plus costs in favor of the plain­tiff and against the defendant, which amounted to the full prayer for damages contained in the plaintiff's complaint.  The award also provided that: "Defendant was barred from testifying and intro­ducing evidence, pursuant to court order."  The record does not contain a transcript of the arbitration pro­ceeding.

On May 7, 2001, the defendant filed a motion to vacate the February 15, 2001, order. In support of this motion, the defendant alleged that she filed her answers to interrogatories on March 29, 2001, that she appeared at the arbitration hearing on April 30, 2001, and that the plaintiff would not be prejudiced if the February 15 order were vacated and she was permitted to testify at trial.

On May 10, 2001, the defendant filed a notice of rejection of the arbitration award and requested a trial.

On June 21, 2001, Judge Laurie denied the defendant's motion to vacate the February 15, 2001, order.  The record does not contain a transcript or a certified bystander's report of the proceedings held on that date.

On July 2, 2001, the plaintiff filed a motion seeking an order barring the defendant from rejecting the arbitration award, asserting as grounds both that the defendant was barred from presenting any evidence and that she pled guilty to making an improper left turn.  On August 10, 2001, Judge Laurie entered judgment on the arbitration award in favor of the plaintiff in the sum of $7,486.93 plus costs and also granted the plain­tiff's motion to bar the defendant from rejecting the award.  Again, however, the record does not contain a transcript of the hearing on August 10.  The record does contain what purports to be a bystander's report of those proceedings, but there is nothing in the record indi­cating that the trial court ever certified that report of pro­ceedings as required by Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)).

On September 7, 2001, the defendant filed a notice of appeal.  However, we dismissed that appeal on March 21, 2002, for want of jurisdiction.  We found that, since no order had been entered disposing of the defendant's third-party claim against Bower, the trial court's judg­ment of August 10, 2001, was not appealable in the absence of any Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) findings.  
Government Employ­ees Insurance Company v. Buford
, No. 1-01-3321 (2002) (unpub­lished order under Supreme Court Rule 23).

On March 25, 2002, the plaintiff filed a motion in the circuit court requesting that the order of August 10, 2001, be modified to reflect that judgment was also entered against the defendant on her third-party complaint against Bower.  On May 2, 2002, Judge Lustig granted the motion and so modified the judg­ment.  The record does not contain a transcript of the May 2 hearing, but it does contain an amended bystander's report of those proceedings certified by Judge Lustig.

On May 30, 2002, the defendant filed a timely notice of appeal.  In urging reversal of the judgments entered by the circuit court in favor of the plaintiff and Bower, the defendant contends that the trial court: 1) abused its discretion in barring her from rejecting the arbitration award, 2) erred in failing to vacate the order of February 15, 2001, 3) deprived her of her constitutional right to a trial by jury by barring her from rejecting the arbitration award, and 4) erred as a matter of law in entering judgment in favor of Bower on her third-party complaint for contribution.

As a preliminary matter, we must reject the defendant's arguments that the trial court erred either in entering its order of February 15, 2001, barring her from testifying at the arbi­tration hearing or at trial in the event that she failed to answer written discovery by March 15, 2001, or in declining to vacate that order on June 21, 2000.  As the defendant concedes in her brief, neither a discovery sanction nor an order declining to vacate a discovery sanction will be reversed on appeal absent an abuse of discretion on the part of the circuit court.  
Workman v. St. Therese Medical Center
, 266 Ill. App. 3d 286, 293, 640 N.E.2d 349 (1994).  Due to the absence in the record of any tran­scripts of the proceedings before the trial court on February 15, 2001, and June 21, 2001, or any bystander's reports of those proceedings certified in accordance with Supreme Court Rule 323(c), we are unable to address the issue of whether the trial court abused its discretion in entering either order.

From the scant record before us, we have no means to determine the prejudice, if any, that the plaintiff suffered by reason of the defendant's failure to answer written discovery within the time provided in the circuit court's order of February 15, 2001. Further, although the record reflects that the defendant ultimately filed tardy answers to interrogatories, there is no evidence in the record that she ever responded to the plaintiff's production request.  The record filed in this case is also insufficient to allow any meaningful assessment of the trial court's reasoning in entering its orders of February 15, 2001, and June 21, 2001.

As the appellant, the defendant has the burden of providing a sufficiently complete record to support any claim of error.  
EDN Real Estate Corp. v. Marquette National Bank
, 263 Ill. App. 3d 161, 167, 635 N.E.2d 738 (1994).  In the absence of such a record, we must presume that the trial court's orders of February 15, 2001, and June 21, 2001, were in conformity with the law and had a sufficient factual basis.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).

We turn next to the question of whether the trial court erred in barring the defendant from rejecting the arbitration award and entering judgment thereon.  Pursuant to the provisions of Supreme Court Rule 91 (145 Ill. 2d R. 91), two grounds exist for barring a party from rejecting an arbitration award, namely, unexcused absence from the arbitration hearing and a lack of good faith and meaningful partic­ipation at that hearing.  
State Farm Insurance Co. v. Rodrigues
, 324 Ill. App. 3d 736, 740, 756 N.E.2d 359 (2001).  In this case, it is uncontroverted that the defendant appeared at the arbitration hearing.  As a consequence, the only basis for barring her from rejecting the arbitration award could have been a finding that she failed to participate in the hearing in good faith and in a meaningful manner.  See 145 Ill. 2d R. 91(b).

Although permitted to do so under Rule 91(b), the arbitra­tion panel made no finding that the defendant failed to partici­pate in good faith or in a meaningful manner.  The award merely recites that the defendant "was barred from testifying and from introducing evidence, pursuant to court order."  However, the circuit court is not precluded from finding bad faith on the part of a party to an arbitration proceeding merely because the arbitrators made no such finding.  
Schmidt v. Joseph
, 315 Ill. App. 3d 77, 85, 733 N.E.2d 694 (2000).

A trial court's order barring a party from rejecting an arbitration award will be reversed on appeal only in circum­stances where the trial court has abused its discretion, which occurs when the trial court has acted arbitrarily or when its ruling exceeds the bounds of reason.  
Schmidt
,  315 Ill. App. 3d at 81. The defen­dant has raised a number of arguments in support of her conten­tion that the trial court abused its discretion in this case.  She asserts that she did in fact participate in the arbitration proceeding in good faith.  According to the defendant, although barred from testifying or offering any evidence, she appeared at the arbitration proceeding in person and by counsel and her attorney both argued the case and cross-examined the plaintiff's witnesses.  However, other than her assertion that she appeared at the arbitration hearing, the defendant's remaining contentions are unsupported by the record.  The record does not contain either a transcript of the arbitration proceeding or a transcript of the hearing before the trial court on August 10, 2001, the date that the court granted the plaintiff's motion to bar the defendant from rejecting the arbitration award and entered judgment there­on.  We have no way of knowing the extent of the defendant's participation at the arbitration hearing or what evidence, if any, was presented to the circuit court on the issue.  What we do know from the record is that the defendant was barred from testifying or offering any evidence at the arbitration hearing by reason of her failure to comply with the trial court's order of February 15, 2001, which required that she respond to written discovery by March 15, 2001.  The record also reflects that, although the defendant filed tardy answers to interrogatories on March 29, 2001, ap­proximately one month prior to the arbitration hearing, she made no attempt to vacate or modify the order of February 15, 2001, even though she knew of its consequences upon her ability to testify or offer evidence at the hearing.  It was not until after the arbitration hearing that the defendant moved to vacate the February 15, 2001, order so as to allow her to testify at trial after she rejected the arbitration award.  We believe that these facts might well have led the trial court to reasonably conclude that the defendant never intended to participate in the arbitra­tion proceeding in good faith.  See 
Eichler v. Record Copy Services
, 318 Ill. App. 3d 790, 792, 742 N.E.2d 1245 (2000).  In any case, by failing to furnish us with either a transcript of the hearing before the trial court on August 10, 2001, or a bystander's report of those proceedings duly certified in accordance with Supreme Court Rule 323(c), the defendant has not provided a sufficiently complete record to support her claim of error on this issue.  The record in this case does not inform us as to the evidence presented to the trial court in support of the plain­tiff's motion to bar the defendant from rejecting the arbitration award or the basis upon which the court granted the motion.  As a consequence, we must presume that the trial court's order was supported by a sufficient factual basis, was in conformity with the law, and did not constitute an abuse of discretion.  
Foutch
, 99 Ill. 2d at 392.

The defendant also argues that her constitutional right to a trial by jury was violated when the trial court entered judgment on the arbitration award after barring her rejection thereof.  If, by this argument, the defendant is contending that the trial court abused its discretion in failing to vacate its February 15, 2001, order to permit her to testify at trial and in granting the plaintiff's motion to bar her from rejecting the arbitration award,  and, as a result, violated her right to a trial by jury, we reject the argument for the reasons stated earlier.  We also reject the argument if the defendant is as­serting that the provisions of Supreme Court Rule 91, which permit a trial court to bar a litigant from rejecting an arbitration award, are in themselves unconstitutional.  The same argument has been rejected by this court when addressed to the trial court's ability to bar a rejection of an arbitration award pursuant to Supreme Court Rule 90(g) (166 Ill. 2d R. 90(g)) by reason of a party's failure to comply with a Supreme Court Rule 237(b) notice (166 Ill. 2d R. 237(b)).  
Williams v. Dorsey
, 273 Ill. App. 3d 893, 904-05, 652 N.E.2d 1286 (1995); see also 
State Farm Insurance Co. v. Gebbie
, 288 Ill. App. 3d 640, 642, 681 N.E.2d 595 (1997).  We can find no logical basis for not applying that same rationale and rejecting the argument when addressed to the provisions of Rule 91.

Finally, we address the defendant's argument that the trial court erred when, on May 2, 2002, it modified its judgment of August 10, 2001, to provide that judgment was also entered in favor of Bower on the defendant's third-party complaint for contribution.  The defendant argues that the circuit court was without authority to modify the provisions of the arbitration award or grant relief in addition to that awarded by the arbi­trators.  See 
Cruz v. Northwestern Chrysler Plymouth Sales, Inc.
, 179 Ill. 2d 271, 275, 688 N.E.2d 653 (1997).

Supreme Court Rule 92(b) provides that an arbitration award "shall dispose of all claims for relief."  155 Ill. 2d R. 92(b).  In this case, the arbitration award did not dispose of the defendant's third-party complaint for contribution against Bower.  Although the trial court is authorized to correct obvious and unambiguous errors in mathematics or language contained in an arbitration award (see 155 Ill. 2d R. 92(d)), it is not author­ized to modify any substantive provisions or grant additional relief (
Cruz
, 179 Ill. 2d at 275).  Nevertheless, the trial court modified the judgment that it entered on the arbitration award in favor of the plaintiff to also grant judgment in favor of Bower on the defendant's third-party complaint.  We are unable to find any authority for the trial court's action in this regard.

As justification for the modification, the motion filed by the plaintiff and Bower merely asserted that: "Since the arbi­trators awarded Plaintiff, Geico, the full amount of its subrogation claim, there could have been no finding of contribu­tory negligence on the part of Robert Bower."  We would agree with the assertion if what was at issue was an affirmative defense grounded in allegations of contributory negligence.  However, the defendant raised no such defense.  Instead, she pled an action for contribution against Bower, the plaintiff's subrogor, and sought relief in the form of a judgment against him.

Thus, the arbitrators did not dispose of the claim which the defendant asserted against Bower in her third-party complaint,  and we can find no authority for the trial court's action in modifying its judgment on the arbitration award to include a judgment in favor of Bower.  Nonetheless, our analysis continues.  As a reviewing court, we may sustain the decision of a trial court on any grounds called for by the record, regardless of whether the trial court relied upon those grounds and regardless of whether the trial court's reasoning was correct. 
Leonardi v. Loyola University of Chicago
, 168 Ill. 2d 83, 97, 658 N.E.2d 450 (1995).

When this court examined the initial briefs filed by the parties in this case, a question arose as to whether, under the circumstances of this case, the defendant could ever maintain a successful contribution action against the plaintiff's subrogor, Bower.  As a consequence, we ordered the parties to file supplemental briefs addressed to the issue.  Having reviewed those briefs and considering the factual context in which the defendant's contribution claim was filed, we conclude that Bower was entitled to the entry of a judgment in his favor on the defendant's third-party complaint for contribution as a matter of law.

The plaintiff filed the instant action as subrogee of Bower, its insured.  As such, the plaintiff could only enforce the rights which Bower possessed against the defendant (
Continental Casualty Co. v. Polk Brothers, Inc.
, 120 Ill. App. 3d 395, 396-97, 457 N.E.2d 1271 (1983)) and its claim was subject to all defenses which might have been raised against Bower (see 
Intergovernmental Risk Management v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc.
, 295 Ill. App. 3d 784, 800, 692 N.E.2d 739 (1998)).  Put another way, the plaintiff stepped into the shoes of Bower.  As a consequence, the defendant could have pled Bower's contributory negligence as an affirmative defense to the plaintiff's claim.  However, the defendant raised no such defense.  Instead, she pled what purported to be a third-party complaint for contribution against Bower and sought relief in the form of a judgment against him.  For the reasons which follow, we find that the facts alleged and admitted in the parties pleadings show that there is no issue of fact to be tried relating to the defendant's third-party complaint and that Bower is entitled to judgment as a matter of law. 

"[W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them".  740 ILCS 100/2(a) (West 1998).  The basis for one's contribution liability rests on his liability in tort to the injured party.  
 Hayes v. Mercy Hospital & Medical Center
, 136 Ill. 2d 450, 457, 557 N.E.2d 873 (1990).  Consequently, a contribution action cannot be maintained against a party who is not subject to liability in tort.  
Cornett v. Gromann Service Company-Retail
, 227 Ill. App. 3d 148, 153, 590 N.E.2d 1013 (1992).

The plaintiff brought the instant action as subrogee to the rights of Bower, premised upon the defendant's alleged tort liability to Bower for damages to Bower's vehicle.  Since Bower cannot, as a matter of law, be liable in tort to himself, he cannot be liable in contribution to the defendant for damage to his own property.  Whatever con­tributory negligence that Bower may have been guilty of that proximately caused damage to his vehicle might well have been the basis for the defendant asserting an affirmative defense against the plaintiff's claim, but it could never form the basis of an action for contribution against Bower.

When, as in this case, a complaint fails to tender a triable issue of fact and is insufficient as a matter of law, judgment on the pleadings is appropriate.  See 
Pollack v. Marathon Oil Co.
, 34 Ill. App. 3d 861, 867, 341 N.E.2d 101 (1976).  The total failure of a complaint to state a cause of action is a fundamental defect which may be raised at any time by any means, even for the first time on appeal.  
Foley v. Santa Fe Pacific Corp.
, 267 Ill. App. 3d 555, 561, 641 N.E.2d 992 (1994).   The defect cannot be waived (
Morrison v. Forest Preserve Dis­trict
, 155 Ill. App. 3d 687, 689, 508 N.E.2d 312 (1987)) and may be raised by the court 
sua
 
sponte
 (
Rhodes v. Mill Race Inn, Inc.
, 126 Ill. App. 3d 1024, 1028, 467 N.E.2d 915 (1984)).  We hold, therefore, that Bower was, as a matter of law, entitled to the entry of a judgment in his favor on the defendant's third party complaint for contribution.  Although we are slow to dispose of a complaint on grounds not asserted before the trial court (see 
Geaslen v. Berkson, Gorov & Levin, Ltd.
 155 Ill. 2d 223, 230, 613 N.E.2d 702 (1993)), in a case such as this one, where the parties have been afforded an opportunity to brief the issue and the defect is not correctable, we believe that our action is appropriate.

For the foregoing reasons, we affirm the judgment entered by the circuit court in favor of the plaintiff on the award of the arbitrators and affirm the judgment entered in favor of Bower on the defendant's third-party complaint for contribution.

Affirmed.

SOUTH, P.J., and HALL, J., concur.