BOGDAN ZIETARA, Plaintiff-Appellant, v. DAIMLERCHRYSLER CORPORATION, Defendant-Appellee.

First District (3rd Division) No. 1—05—0164

Opinion filed October 19, 2005.

Eric J. Kaczander and Scott M. Cohen, both of Krohn & Moss, Ltd., of Chicago, for appellant.

Timothy V. Hoffman and Michelle A. Franz, both of Sanchez, Daniels & Hoffman, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Bogdan Zietara appeals from the order of the circuit court of Cook County barring him from rejecting an arbitration award entered in favor of defendant DaimlerChrysler Corporation. Plaintiff contends that the circuit court abused its discretion in sanctioning him based on (1) a finding that plaintiff violated Supreme Court Rule 91(a) (145 Ill. 2d R. 91(a)); and (2) a finding that the arbitrators lacked discretion to proceed with the arbitration when plaintiff arrived "minutes late." For the following reasons, we reverse and remand this case for further proceedings consistent with this opinion.

BACKGROUND

Plaintiff brought a breach of warranty action against defendant pursuant to the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.* (2000)). The matter was set for mandatory arbitration at 8:30 a.m. on September 30, 2004. Prior to the arbitration hearing, both parties engaged in discovery and timely filed a Supreme Court Rule 90(c) (210 Ill. 2d R. 90(c)) package, which included documents they intended to offer as evidence at the arbitration. Defendant also served plaintiff with a notice to produce

plaintiff at the arbitration pursuant to Supreme Court Rule 237 (166 Ill. 2d R. 237(b)) and section 2—1102 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1102 (West 2002)).

On September 30, 2004, at the time the arbitration was scheduled to commence, the three arbitrators, defense counsel, and the defense witness were present. When plaintiff had not appeared by 8:45, and had not telephoned the arbitration center, the panel of arbitrators began drafting an award in favor of defendant. Although the time of plaintiff's arrival was disputed by the parties, according to all accounts, plaintiff and his counsel arrived sometime between 8:45 a.m. and 8:50 a.m., as the award was being entered. Defense counsel and the defense witness were still present at that time. Plaintiff requested to commence the hearing, but the arbitrators advised plaintiff that because he arrived after a 15-minute grace period, they no longer had discretion to proceed with the hearing. Accordingly, the arbitrators entered an award in favor of defendant, stating that "plaintiff and plaintiff's counsel appeared minutes late." They also entered a finding that plaintiff failed to participate in the proceeding in good faith, but provided no basis for that finding in their award.

Thereafter, on October 7, 2004, plaintiff filed a notice of rejection of the arbitration award and a motion seeking to vacate the award and set it for rehearing. In response, defendant filed a motion to bar plaintiff from rejecting the award. The parties submitted affidavits recounting their respective versions of the events that transpired on the day of the hearing. Plaintiff maintained that he arrived at the front desk of the arbitration center at 8:45 a.m. Defense counsel maintained that plaintiff and his counsel arrived 20 minutes late. Defendant also submitted letters written by the arbitrators to Kim Atz, the Cook County arbitration administrator, recounting their recollection of the events that had transpired that day. All three arbitrators agreed that it was their understanding that they had "no discretion" to hear the matter if a party arrived more than 15 minutes late to the arbitration and on that basis entered an award in favor of defendant.

On January 6, 2005, a hearing was held on the parties' motions. The circuit court denied plaintiff's motion to set the case for arbitration and granted defendant's motion to bar plaintiff from rejecting the award. The court found that "[t]here was a nondiscretionary rule, there was a grace period of 15 minutes, and the arbitration has to go forward at that point if the party is missing." The court further stated, "[i]n this case neither person was present at the time of the arbitration. Because of that, a rejection is not allowed." Plaintiff filed a timely notice of appeal.

ANALYSIS

■ Generally, the decision to bar a party from rejecting an arbitration award is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Anderson v. Pineda*, 354 Ill. App. 3d 85, 87, 819 N.E.2d 1157, 1159 (2004). However, to the extent that the issue here involves interpretation of a supreme court rule and the arbitrators' authority, these are questions of law subject to *de novo* review by this court. *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1031, 702 N.E.2d 254, 257 (1998).

Plaintiff contends that the trial court did not apply the proper standard in finding that he was barred from rejecting the arbitration award. Specifically, he argues that although arguably tardy, he was present at the hearing during the time it was scheduled and was prepared to proceed in good faith.

■ The supreme court rules govern the rejection of an arbitration award. 145 Ill. 2d R. 91. Pursuant to Supreme Court Rule 91, there are two grounds for barring a party from rejecting an arbitration award: (a) a failure to appear at the arbitration hearing; and (b) a lack of good faith and meaningful participation at that hearing. 145 Ill. 2d Rs. 91(a), (b); *Government Employees Insurance Co. v. Buford*, 338 Ill. App. 3d 448, 453, 788 N.E.2d 90, 95 (2003).

■ Here, we must interpret the meaning of a "failure of a party to be present" under Rule 91(a). The record reveals that by all accounts, plaintiff arrived before an award had been entered, and before defense counsel and defendant's witness had departed. Accordingly, where plaintiff arrived before the proceedings had concluded, we conclude that plaintiff did not fail to appear, and did not automatically waive his right to reject the award under Rule 91(a). *Smith v. Gleash*, 325 Ill. App. 3d 79, 84, 757 N.E.2d 101, 105 (2001) (where counsel was tardy, but appeared prior to conclusion of proceedings, Rule 91(a) was inapplicable); see also *Gore v. Martino*, 312 Ill. App. 3d 701, 704, 728 N.E.2d 495, 497 (2000) ("[b]ecause plaintiffs did arrive during the period in which the arbitration was scheduled, we are unwilling to find that they failed to appear pursuant to notice").

With respect to Rule 91(b), the trial court made no finding that plaintiff failed to participate at the hearing in good faith, nor do we find Rule 91(b) applicable here. The standard to be applied under Rule 91(b) is whether the party's conduct was characterized by a "deliberate and pronounced disregard" for the rules and the court. *Kazakova*, 299 Ill. App. 3d at 1034, 702 N.E.2d at 259. Plaintiff's conduct did not amount to a deliberate and pronounced disregard where the arbitrators did not permit plaintiff to participate in the hearing. *Gore*, 312 Ill. App. 3d at 705, 728 N.E.2d at 498.

Rather, in barring plaintiff from rejecting the award, the trial court relied primarily on the arbitrators' finding that there was a 15-minute grace period, after which time, the arbitrators had no discretion to hear the matter. While defendant maintains that the arbitrators were subject to "a non-discretionary 15-minute tardiness rule," it has not cited to any authority for that proposition of law, nor do we find any authority in the supreme court rules or statutes mandating such a requirement. The Arbitrator Reference Manual, prepared by the Administrative Office of the Illinois Courts, provides guidance regarding the proper procedure when parties arrive late to the hearing. The guidelines do not explicitly mandate that a party be barred from proceeding if they arrive late to the arbitration. Rather, they provide that "[i]t is the practice to wait at least 15 minutes after the scheduled hour before proceeding to an ex-parte hearing and award." Arbitrator Reference Manual, Administrative Office of the Illinois Courts (eff. October 1, 1993). Moreover, the manual is "offered as general information and should not be relied upon as legal opinion or authority regarding any specific matter." Arbitrator Reference Manual, Administrative Office of the Illinois Courts (eff. October 1, 1993). Accordingly, the arbitrators were under the mistaken belief that they had no discretion to hear the matter in this case and based their award on that erroneous belief.

We do not condone tardiness, and it was certainly within the arbitrators' province to decide not to allow plaintiff to proceed if they deemed that an *ex parte* hearing and award was appropriate, or to impose other sanctions against plaintiff with respect to the presentation of his case. However, here, the arbitrators acknowledged their failure to exercise their discretion under the erroneous belief that they lacked discretion. We have previously held that it is error for the trial court to refuse to exercise its discretion due to a mistaken belief that it had no discretion. *Selvy v. Beigel*, 309 Ill. App. 3d 768, 775, 723 N.E.2d 702, 708 (1999). Similarly, here, we find it was error for the arbitrators to fail to exercise their discretion. Under these circumstances, where the trial court relied on the arbitrators' mistaken belief, and the plaintiff has not otherwise violated Supreme Court Rule 91, the error warrants reversal and a new arbitration hearing.

Accordingly, for all of the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN, P.J., and KARNEZIS, J., concur.