No. 1-05-1412
September 5, 2006

MICHELLE NIX,                                 )        Appeal from the
                                              )        Circuit Court of
          Plaintiff-Appellant,                )        Cook County.
                                              )
v.                                            )        No. 03 M1 305264
                                              )
GARRICK WHITEHEAD and BRUCE WHITE,  )        Honorable
                                              )        Moira Johnson,
          Defendants-Appellees.               )        Judge Presiding.

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff Michelle Nix brought this negligence action against defendants Garrick Whitehead and Bruce White. Following mandatory arbitration, the circuit court of Cook County entered judgment on the arbitration award in favor of defendants and against plaintiff. On appeal, plaintiff contends that the trial court erred in barring her rejection of the award. Plaintiff also argues that the trial court erred in correcting the award to reflect that it was in favor of both Whitehead and White rather than only White.

Plaintiff's suit arose from an automobile accident that occurred on March 23, 2002. According to her complaint, plaintiff was a passenger in a vehicle driven by defendant White when a vehicle driven by defendant Whitehead collided with the White vehicle. Apparently, the two vehicles were traveling southbound in the same lane, with White in front and Whitehead behind him. Traffic began to slow, and the Whitehead vehicle struck the White vehicle from behind. In her complaint, which was filed in December 2003, plaintiff alleged negligence on the part of both White and Whitehead

and claimed that she was "severely injured" as a result. In his answer to plaintiff's complaint, Whitehead admitted negligence.

In May 2004, the trial court assigned the cause to mandatory arbitration. Prior to the arbitration hearing, which was set for February 7, 2005, plaintiff served on both defendants a Supreme Court Rule 90(c) package containing documents she intended to offer as evidence at the hearing. Official Reports Advance Sheet No. 26 (December 24, 2003), R. 90(c), eff. January 1, 2004. On the day of the hearing, which was scheduled to begin at 8:30 a.m., plaintiff and her attorney were about 17 minutes late, which was two minutes past the 15-minute grace period. Plaintiff asserts that she left her home that morning at 7:35 a.m., which normally would have allowed her plenty of time to reach the Mandatory Arbitration Center in downtown Chicago by 8:30 a.m. According to plaintiff, however, traffic that morning was significantly heavier and slower than usual, and she did not arrive at the arbitration center until 8:40 a.m. Plaintiff then had to wait in line to check in at the security desk before proceeding to the hearing room. Plaintiff's visitor's pass, which is included in the record, indicates that she checked in at "8:45 a.m." Affidavits of both plaintiff and her attorney state that they arrived at the hearing room at 8:47 a.m.

Plaintiff asserts that, when they arrived at the hearing room, they saw defendant White's attorney, who was leaving at that time. White's attorney told plaintiff's attorney that White had arrived at the hearing room at 8:45 a.m. and was told by the arbitrators that he was too late. White apparently left at that point. Plaintiff's attorney then spoke

with the arbitrators, who informed her that she had arrived too late to present plaintiff's case.

The arbitrators entered an award in favor of defendant White. The award indicated that attorneys for White and Whitehead were present and that White himself "appeared late after [the] 8:45 termination of [the] hearing." The award also stated that neither plaintiff nor defendant Whitehead was present, "although both had been served with a [Supreme Court Rule] 237 notice" to appear. 166 Ill. 2d R. 237. According to the award, the hearing began at 8:45 a.m. and ended at 8:45 a.m. The award also appeared to state that "neith[er] party" participated in good faith. The space for findings in support of this assertion was left blank.

On February 18, 2005, plaintiff rejected the arbitration award. Ten days later, defendant White moved to bar plaintiff from rejecting the award. White alleged that plaintiff and her attorney failed to appear at the arbitration hearing before it was adjourned and that, under Supreme Court Rule 91(a) (145 Ill. 2d R. 91(a)), this failure to be present constituted "a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 145 Ill. 2d R. 91(a). White also alleged that plaintiff failed to "participate in the hearing in good faith and in a meaningful manner" (145 Ill. 2d R. 91(b)), in violation of Supreme Court Rule 91(b). Defendant Whitehead subsequently filed a brief in support of White's motion. Whitehead also filed a motion to correct the arbitration award in favor of defendant White to reflect that the award was also in favor of defendant Whitehead.

3

On April 25, 2005, following a hearing, the trial court granted the motion to bar plaintiff from rejecting the award. The court stated:

"The Supreme Court rules require that a party who is going to reject an award either be at the [hearing] in person or through Counsel. The Plaintiff's evidence indicates at 8:45 she was being checked in and received a badge. At the same time, the arbitrators waited the allotted 15 minutes. They have been instructed not to wait more than 15 minutes, and they terminated the hearing at 8:45. That is exactly what they were supposed to do. At the time they terminated, both attorneys for both Defendants were present in the room. *** If the party is not present in person or by Counsel, the party cannot reject the Defendant's motion to Bar. The [motion to bar] is granted because the Plaintiff has no standing to reject the arbitration award."

The trial court also granted defendant Whitehead's motion to correct the award and ordered the award corrected to reflect that it was in favor of both defendants and against plaintiff. The trial court entered judgment on the award in favor of defendants White and Whitehead, and against plaintiff, in the amount of "0" dollars. The court made no specific finding that plaintiff failed to participate in the arbitration hearing in good faith.

Plaintiff timely filed a notice of appeal.

DISCUSSION

Under Supreme Court Rule 91, there are two grounds for barring a party from

rejecting an arbitration award: (a) a failure to appear at the arbitration hearing, and (b) a failure to participate in the hearing in good faith and in a meaningful manner. *Zietara v. DaimlerChrysler Corp.*, 361 Ill. App. 3d 819, 822 (2005), citing 145 Ill. 2d Rs. 91(a), (b). Rule 91(a), which deals with the failure to be present at a hearing, provides, in pertinent part:

> "The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present. *** The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 145 Ill. 2d R. 91(a).

This rule does not require that both a party and the party's lawyer appear at the hearing in order to preserve the right to reject an award. It requires only that one of the two be present. If either the party *or* her counsel appears at the hearing, Rule 91(a) does not authorize a waiver of the right to reject the award. *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 82 (2000).

Rule 91(b) deals with a party's failure to participate in an arbitration hearing in good faith. Under Rule 91(b), where there is a finding to this effect, a trial court may debar the party from rejecting an arbitration award. 145 Ill. 2d R. 91(b).

On appeal, plaintiff in the case at bar argues that it was error for the trial court to bar her from rejecting the arbitration award. Plaintiff asserts, as she did in the trial court, that she and her counsel arrived at the hearing room shortly after the hearing had

5

been adjourned, while the arbitrators were still present. In plaintiff's view, she "showed up for the arbitration hearing" and therefore did not fail to appear and did not waive her right to reject the arbitration award under Rule 91(a). With regard to whether she participated in the hearing in good faith, plaintiff asserts that she "was ready to testify when she arrived at the arbitration hearing but the arbitrators prohibited her from doing so." According to plaintiff, her actions "exhibited a clear respect for the arbitration process," and her participation was in good faith.

Defendant Whitehead[1] counters that the trial court was correct in barring plaintiff's rejection of the arbitration award. According to defendant, plaintiff forfeited her right to reject the award when both she and her counsel failed to make a timely appearance at the arbitration hearing. In defendant's view, this tardiness in arriving at the hearing room constituted a failure to be present under Rule 91(a). Defendant argues, in addition, that plaintiff did not participate in the hearing in good faith pursuant to Rule 91(b). Defendant notes that "[p]laintiff and her counsel were both absent from the hearing until after the arbitrators had waited the required time and terminated the hearing." Defendant contends that because plaintiff and her counsel did not participate in the hearing at all, they could not have participated in good faith.

Generally, the decision whether to bar a party from rejecting an arbitration award is within the sound discretion of the trial court and will not be disturbed on appeal absent

---

[1]Defendant White did not file a response brief in this appeal.

an abuse of that discretion. *Hinkle v. Womack*, 303 Ill. App. 3d 105, 110 (1999).

However, the primary issue on appeal is whether plaintiff's tardiness by a few minutes

constituted the "failure of a party to be present" within the meaning of Rule 91(a). This

is a question of law and is reviewed *de novo*. *State Farm Insurance Co. v. Kazakova*,

299 Ill. App. 3d 1028, 1031 (1998).

"Interpreting Supreme Court rules involves the same principles that are

applicable when interpreting statutes. [Citation.] The primary rule of statutory

construction is that the court should ascertain and give effect to the intent of the

legislature." *Furniss v. Rennick*, 286 Ill. App. 3d 318, 320 (1997). The most reliable

indicator of legislative intent is the language of the statute, which must be given its plain

and ordinary meaning. *Stein v. Chicago Park District*, 323 Ill. App. 3d 574, 577 (2001).

"The dictionary can be used to ascertain the ordinary and popular meaning of words."

*Stein*, 323 Ill. App. 3d at 577.

Rule 91(a): Failure to be Present at the Hearing

As noted, defendant argues that plaintiff's failure to make a timely appearance at

the arbitration hearing meant that, for purposes of Rule 91(a), she was not present at

the hearing. Defendant cites to no authority holding that a party's tardy arrival by a few

minutes constitutes a failure to be present at the hearing. Moreover, the text of Rule

91(a) itself makes no mention of a "timely" appearance. Instead, the rule simply states

that a party who fails "to be present" at the hearing has waived the right to reject the

award. "Present" is defined as: "being in one place and not elsewhere[;] being within

reach, sight, or call or within contemplated limits[;] being in view or at hand[;] being before, beside, with, or in the same place as someone or something." Webster's Third New International Dictionary 1793 (2002). As an example of this meaning of "present," the definition states: "both men were [present] at the meeting." Webster's Third New International Dictionary 1793 (2002).

In view of the plain and ordinary meaning of "present," we conclude that a party who is tardy by a few minutes, as was plaintiff in the case at bar, has not failed "to be present" at the hearing, for purposes of Rule 91(a). This view is supported by an examination of the nature of the 15-minute grace period.

In explaining its decision to bar plaintiff from rejecting the award, the trial court emphasized the 15-minute grace period, implying that arriving within this period was a *requirement* that plaintiff failed to meet. The court noted that at 8:45 on the morning of February 7, 2005, the date set for the hearing, plaintiff "was being checked in and received a badge." The court added:

> "At the same time, the arbitrators waited the allotted 15 minutes. They have
>
> been instructed not to wait more than 15 minutes, and they terminated the
>
> hearing at 8:45. That is exactly what they were supposed to do."

In the trial court's view, the failure of plaintiff and her counsel to arrive at the hearing within the grace period meant that neither of them was present, for purposes of Rule 91(a), and plaintiff forfeited her right to reject the award.

Similar to the trial court, defendant Whitehead refers to the 15-minute grace

8

period as the "required time."  In his brief to this court, defendant asserts that the arbitrators "waited the *required* amount of time" and terminated the hearing "after the *requisite* waiting period *expired.*"  (Emphases added.)  As did the trial court, defendant treats this grace period as a requirement that plaintiff failed to meet, and concludes that plaintiff failed "to be present" (145 Ill. 2d R. 91(a)) at the arbitration hearing.

However, this court has held that the 15-minute grace period is a guideline rather than a requirement.  *Zietara*, 361 Ill. App. 3d at 823.  In *Zietara*, the court rejected the argument that arbitrators have no discretion to wait beyond the 15-minute period.  The court stated:  "[T]he arbitrators were under the *mistaken* belief that they had no discretion to hear the matter in this case and based their award on that *erroneous* belief."  (Emphases added.)  *Zietara*, 361 Ill. App. 3d at 823.  In reaching this conclusion, the court noted that the grace period is mentioned in the Arbitrator Reference Manual, a publication prepared by the Administrative Office of the Illinois Courts.  The October 1993 version of this manual states:  " '[I]t is the *practice* to wait at least 15 minutes after the scheduled hour before proceeding to an ex-parte hearing and award.' "  (Emphasis added.)  *Zietara*, 361 Ill. App. 3d at 823, quoting <u>Arbitrator Reference Manual</u>, Administrative Office of the Illinois Courts (eff. October 1, 1993).  The court in *Zietara* also emphasized the manual's disclaimer that it was " 'offered as general information and should not be relied upon as legal opinion or authority regarding any specific matter.' " *Zietara*, 361 Ill. App. 3d at 823, quoting <u>Arbitrator Reference Manual</u>, Administrative Office of the Illinois Courts (eff. October 1, 1993).

A subsequent edition of the Arbitrator Reference Manual also describes the 15-minute grace period as a "practice" rather than a rule.  This edition also includes the following disclaimer:  "Any material contained in this publication is offered as general information and should not be relied upon as legal opinion or authority regarding any specific matter."  Arbitrator Reference Manual, Administrative Office of the Illinois Courts (April 1997).

The nonmandatory nature of the 15-minute grace period strongly suggests that a slight departure from this period, such as occurred in the case at bar, does not constitute a failure to be present under Rule 91(a).  If the period itself is not mandatory, and Rule 91(a) makes no mention of timeliness of arrival, a party's arriving a few minutes after the end of this period does not necessarily mean that the party failed to be present at the hearing.

In *Zietara v. DaimlerChrysler Corp.*, 361 Ill. App. 3d 819 (2005), this court came to a similar conclusion on similar facts.  In *Zietara*, the arbitration hearing was set for 8:30 a.m., but the plaintiff and his counsel did not arrive until "sometime between 8:45 a.m. and 8:50 a.m., as the award [in favor of the defendant] was being entered." *Zietara*, 361 Ill. App. 3d at 821.  At the time when the plaintiff and his counsel arrived, the arbitrators were still present, as were counsel for the defendant and a defense witness.  The plaintiff asked that the hearing be commenced, but the arbitrators refused.  They told the plaintiff that, because he had arrived after the 15-minute grace period, they no longer had discretion to proceed with the hearing.  *Zietara*, 361 Ill. App. 3d at

10

821. The arbitrators entered an award in favor of the defendant. They also found that the plaintiff had failed to participate in the hearing in good faith, but provided no basis for that finding in the award. The plaintiff subsequently filed a notice of rejection of the award, and the defendant moved to bar the plaintiff's rejection. Following a hearing, the trial court barred the plaintiff from rejecting the award. The court asserted that the 15-minute grace period was nondiscretionary and concluded that, because neither the plaintiff nor his counsel arrived within that period, neither of them " 'was present at the time of the arbitration.' " *Zieterz*, 361 Ill. App. 3d at 821. The trial court concluded that rejection of the arbitration award " 'is not allowed.' " *Zietara*, 361 Ill. App. 3d at 821.

On appeal, this court reversed. The court noted that, although the plaintiff was tardy, he arrived at the hearing before an award had been entered and before defense counsel and the defendant's witness had departed. The court stated: "[W]here plaintiff arrived before the proceedings had concluded, we conclude that plaintiff did not fail to appear, and did not automatically waive his right to reject the award under Rule 91(a)." *Zietara*, 361 Ill. App. 3d at 822. The cause was remanded for a new arbitration hearing. *Zietara*, 361 Ill. App. 3d at 823.

In the case at bar, both plaintiff and her counsel were tardy in arriving at the hearing, as were both the plaintiff and his counsel in *Zietara*. In each case, the arrival time was shortly after 8:45 a.m. Also, in each case the arbitrators were still present. In addition, plaintiff's counsel in the case at bar was told by the arbitrators that she had arrived too late to present plaintiff's case. This is similar to what occurred in *Zietara*,

11

where the arbitrators told the plaintiff that they had no discretion to proceed with the hearing. It is true that, in *Zietara*, the plaintiff arrived before defense counsel had departed, while in the case at bar, at the time plaintiff arrived, counsel for defendant Whitehead had already left, and counsel for defendant White was leaving. In our view, this difference is of little significance and does not render the two cases dissimilar.

In light of *Zietara*, we conclude that it was error for the trial court in the case at bar to preclude plaintiff from rejecting the award on the ground that plaintiff arrived a few minutes after the end of the grace period. There is no support for this decision in the language of Rule 91(a), nor can the decision be squared with the nonmandatory nature of the grace period.

We emphasize the limited nature of our holding. We do not condone tardiness, and our decision here is not meant to imply that a party who is significantly late in arriving at the hearing would necessarily be beyond the scope of Rule 91(a). Such tardiness could conceivably constitute a failure to be present under Rule 91(a), and could result in debarment of the party from rejecting the arbitration award. However, we do hold that the term "failure of a party to be present" in Rule 91(a) does not describe the conduct of plaintiff in the case at bar, who was merely tardy by a couple of minutes beyond the nonmandatory grace period, and who arrived while the arbitrators were still present. Plaintiff did not fail to be present at the hearing, and she did not waive her right to reject the award under Rule 91(a).

Rule 91(b): Failure to Participate in Good Faith

12

Defendant also argues that plaintiff failed to participate in the arbitration hearing in good faith, in violation of Rule 91(b). According to defendant, because plaintiff and her counsel did not participate in the hearing at all, they could not have participated in good faith.

The trial court made no finding that plaintiff failed to participate in the hearing in good faith. Moreover, we conclude that Rule 91(b) does not apply in this instance. The standard to be applied under Rule 91(b) is whether the party's conduct was characterized by a "deliberate and pronounced disregard" for the rules and the court. *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1034 (1998). In the case at bar, plaintiff's conduct did not exhibit such disregard for the rules or the court. As noted, plaintiff and her counsel arrived at the hearing room just a few minutes after the end of the 15-minute grace period. When they arrived, the arbitrators told plaintiff's counsel that she was too late to present plaintiff's case. Plaintiff's conduct "did not amount to a deliberate and pronounced disregard where the arbitrators did not permit plaintiff to participate in the hearing." *Zietara*, 361 Ill. App. 3d at 822, citing *Gore v. Martino*, 312 Ill. App. 3d 701, 705 (2000).

Plaintiff also was not the only party who was tardy in arriving at the hearing. According to the arbitration award, defendant White also arrived "after [the] 8:45 termination of [the] hearing." Moreover, defendant Whitehead never appeared at all. In these circumstances, plaintiff should not be singled out for sanctioning.

Our conclusion regarding the applicability of Rule 91(b) is in line with the original

purpose of paragraph (b), which was added to Rule 91 by amendment in 1993. ILCS Ann., R. 91, Historical Notes, at 131 (Smith-Hurd 2000). The committee comments to Rule 91(b) indicate that, prior to the addition of this paragraph, arbitrators complained that some parties and lawyers would merely attend but refuse to participate in arbitration. Paragraph (b) was added "to discourage such misconduct." 145 Ill. 2d R. 91(b), Committee Comments. There was concern that arbitration "not be perceived as just another hurdle to be crossed in getting the case to trial." 145 Ill. 2d R. 91(b), Committee Comments. In the case at bar, plaintiff did not refuse to participate in the arbitration. It was the arbitrators themselves who prevented her from participating. Applying Rule 91(b) in this instance would do nothing to accomplish the purpose of discouraging parties from refusing to participate in arbitration.

We emphasize that our decision in this case is not meant to interfere with the scheduling of cases for arbitration. Rather, we are merely interpreting the rules (in this instance, Rules 91(a) and (b)) that pertain to the arbitration process.

For the reasons set forth above, the judgment of the circuit court barring plaintiff from rejecting the arbitration award is reversed, and the cause is remanded for a new arbitration hearing. In view of our disposition of this case, we need not address plaintiff's remaining argument that the trial court erred in correcting the arbitration award to reflect that it was in favor of both Whitehead and White rather than only White.

Reversed and remanded.

Cahill, J. and Gordon, J., concur.

No. 1-05-1412